93   475
128   205

# Honor *versus* Albrighton.

1. A lad about thirteen years old was employed as a slate-picker in a coal breaker.    Another lad who was attending the machinery called to him to bring to him the oil-can, and he left his post, and in taking the can fell into a pair of rollers breaking coal where he was severely injured.    It appeared that the rollers were covered with a box upon the top of which was an opening covered by a plank which was displaced at the time of the accident, and was so often before with the knowledge of the injured boy.    *Held*, that the provision in the Act of March 3d 1870, that all machinery where boys work shall be properly " fenced off" was intended to mean properly protected, and that in providing this cover for the rollers the employer did his whole duty under the act.    *Held, further*, that if the cover was unnecessarily removed without the fault or knowledge of the employer, through the negligence of one of the employees, there could be no recovery according to well-settled principles.    *Held, further*, that the conduct of the boy presented a case of contributory negligence.

2. PER CURIAM.—It was not the intention of the act to change these just and reasonable rules.

March 9th 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.    GREEN, J., absent.

Error to the Court of Common Pleas, of *Luzerne county:* Of January Term 1878, No. 195.

Case by John Honor against John Albrighton and others, doing

[Honor *v.* Albrighton.]

business as Albrighton, Roberts & Co., to recover damages for injuries to the minor son of the plaintiff, alleged to have been caused by the negligence of defendants.

It appeared at the trial, that Edward Honor, the minor son of the plaintiff, was, in 1871, employed at the defendants' coal breaker at Plymouth, Luzerne county, as a slate-picker. In breaking coal it is passed through rollers and broken into the various sizes required for use, and after being broken it is shot down chutes to storing places, whence it is loaded into the cars. Boys stand by the sides of the chutes, and, as the coal passes by, pick out the slate therefrom. This was the daily employment of young Honor, and while thus engaged, on the 15th of September 1871, at the lower portion of the breaker, there was just above him a pair of rollers called the "monkey-rollers." His place as a slate-picker was about twenty feet below these rollers, and did not in any way expose him to danger from them. The lad, who was about thirteen years old, was engaged at his usual work, when a boy named Hobbs, who was attending the machinery above, called to him loudly to bring him the oil-can, which was by the stove near Edward to be kept warm. The latter seized the can and ran up rapidly towards Hobbs, when, just before he reached him, he stepped into the monkey-rollers and his leg was caught and crushed by them.

The opening over the small rolls was six inches wide, and two feet eight and a-half inches long; this opening was secured with a plank fitting into the opening, and which could not be removed except by lifting it up. When the plank was down there was entire security against any danger from the rolls. The plank was intended to be removed, if the rolls became choked, for the purpose of clearing them out. The plank was displaced at the time of the accident, as it frequently had been before, to the boy's knowledge.

The Act of March 3d 1870, Pamph. L. 3, making provision for the health and safety of persons employed about coal mines, enacts, in the 13th section that, " all machinery in and about the mines, and especially in the coal-breakers, where boys work, shall be properly fenced off;" and the 24th section provides : "'That for any injury to person or property occasioned by any violation of this act, or any wilful failure to comply with its provisions by any owner, lessee or operator of any coal mine or opening, a right of action shall accrue to the party injured, for any direct damages he may have sustained thereby, &c."

In the general charge, the court, Harding, P. J., inter alia, said :

" But conceding that the statute amounts to more than a reiteration of the common law, with reference to the right of an employee who has been injured about one of these collieries, and who brings

[Honor v. Albrighton.]

an action to recover compensation, still, in my judgment, it does not absolve him from the same rule of conduct in connection with the subject-matter of the injury that applied before. Contributory negligence on his part would be as fatal to the success of his action to-day, as it would have been before the statute had existence.

"Assuming the colliery in question to have been dangerous, assuming further, that these defendants were guilty of negligence in not having complied with all the provisions of the act to which reference has been made, still [if the boy, Edward Honor, knew, as he says he did, of the condition of these rollers, and of the danger in approaching them; but nevertheless, at the call of his co-employee, hastened to deliver the oil-can, an errand wholly outside of his own duty, and injury befell him, as has been described, his father cannot recover in the present action. The conduct of the boy cannot be regarded as less than negligent.] [We have then only to say to you that the plaintiff is not entitled to recover, and that your verdict must be for the defendants.]

The verdict was for defendants, and after judgment thereon plaintiff took this writ, alleging that the court erred in the portions of the above charge included in brackets.

*A. Ricketts, John Lynch, C. R. Buckalew* and *W. J. Buckalew,* for plaintiff in error.—It is not claimed that the plaintiff can recover, if the injury was occasioned by the wilful or reckless conduct of his son; but that the question whether his conduct was of that character—was without justification or proper excuse—should be submitted to the jury.

By the statute 7 and 8 Vict. c. 15, sect. 21, mill owners are required to fence all their mill gearing and certain other parts of machinery while in motion, for manufacturing purposes. Under this statute it has been decided, that the requirements of the statute being absolute, it is no defence to show that fencing would not have lessened the danger of the particular machinery in question; and that the omission to have a fence where it is required, is an act of negligence, for which damages may be recovered irrespective of the penalty in the statute: Doel v. Sheppard, 5 E. & B. 856; Caswell v. Worth, 5 Id. 849. In addition, it may be observed, that in our statute a right of action is expressly given to the party injured, by the 24th section, and he is not left to resort alone to the principles of the common law in connection with the statute, for his remedy.

*C. L. Lamberton* and *Andrew T. McClintock,* for defendants in error.—The statute of 23 and 24 Vict. c. 151 (1860), is very similar to our mine ventilation act, and it has been held in Wilson v. Merry, L. R., 1 Scotch and Divorce Cases 341, that the

[Honor *v.* Albrighton.]

statute cannot have the effect of giving the plaintiff a right of action which he could not have had without it.

The evidence is uncontradicted, that the defendants' breaker was of the best and most secure known to, or used in the region ; that the guard against danger from the rolls was perfect, when the plank was in place ; that it was in place the morning of the day of the accident. The defendants were not, therefore, negligent. They had provided the best and safest arrangement against accident used in their business. The removal of the plank intended and used to guard the rolls, was the negligence of a co-employee, and defendants were not therefore liable.

The judgment of the Supreme Court was entered March 22d 1880,

PER CURIAM.—The Act of March 3d 1870, ought to have a liberal but reasonable construction. In providing that the machinery in and about the mines and coal breakers "shall be properly fenced off," it evidently intended merely proper protection. Then, to protect the opening into which the plaintiff fell, a fence, in its literal sense, would not have been as efficient protection as the board used to cover the opening. In providing this cover, the employer did his whole duty under the act. If that cover was unnecessarily removed without his fault or knowledge, through the negligence of one of the employees, no other servant could recover according to well-settled principles. The conduct of the boy presented a case of contributory negligence. It was not the intention of the Act of Assembly to change these just and reasonable rules.

Judgment affirmed.