## Kepler *v.* Lackawanna Lumber Company, Appellant.

*Negligence—Master and servant—Proper appliances.*

In an action to recover damages for death of plaintiff's husband, plaintiff's proofs were offered to establish that defendant did not furnish appliances which were of ordinary character and reasonably safe. The defendant moved for a nonsuit, and whén this was refused offered no evidence, and made no argument, and plaintiff's counsel waived his right to go to the jury and submitted the case upon the charge of the court. No request was made for binding instructions, and no points were submitted on behalf of defendant. On appeal the defendant claimed that the trial judge committed error in allowing the jury to pass upon the question because it was claimed the evidence was not sufficient to establish " any lack of care in any particular." *Held,* that if the trial judge had refused to give binding instructions to find for defendant, or to affirm a point substantially to that effect such refusal might have become some basis for the contention suggested, but without either, and in view of what occurred, the question became one of fact, and for the determination of the jury under proper instructions.

When a question of fact is submitted for the determination of a jury the questions of law for review are such only as are necessarily incident to the determination of such question. Questions of fact are reviewable in the appellate court only when they become essential elements in the determination of questions of law.

Argued May 2, 1904. Appeal, No. 53, Jan. T., 1904, by defendant, from judgment of C. P. Potter Co., June T., 1902, No. 90, on verdict for plaintiff, in case of Maud M. Kepler v. Lackawanna Lumber Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before ORMEROD, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* among others were (1, 2) portions of the opinion quoted in the opinion of the Supreme Court.

*W. I. Lewis,* with him *Arch. F. Jones,* for appellant.

*J. P. Mullin,* with him *Eugene Mullin* and *Mullin & Seibert,* for appellee.

OPINION BY MR. JUSTICE THOMPSON, May 16, 1904:

The appellee's husband, on account of whose death this action was brought, was killed while loading logs upon a car of the railroad operated by appellant.   Two loaded cars had been placed at a dock on a switch or spur of the main line of the railroad in question and not being securely blocked upon the decline where they were so placed broke from their positions and moving rapidly down grade collided with the car which appellee's husband was engaged in loading and in the collision he was so injured that his death was the result.   These cars were blocked by gill poles or props put down upon the ties against the end of the car, and one of the witnesses testified that by reason of the weight of the cars and their load, the props were shoved aside and the cars in consequence broke away and moved down the grade.   There are several methods of blocking cars, viz: by setting the brakes and propping them with props; by chaining the cars to the rails and by safety switches to prevent collision with anything below.

Appellee's proofs were offered to establish that appellant did not furnish appliances for blocking which were of ordinary character and reasonably safe, and after she closed her case counsel for appellant moved for a compulsory nonsuit.   Upon its refusal appellant offered no evidence and made no argument and appellee's counsel waived his right to go to the jury and submitted the case upon the charge of the court.   No request was made for binding instructions and no points were submitted on behalf of appellant, and having thus taken its chance on the question of fact resulting in a finding against it, it cannot now be permitted to try a similar experiment upon a question of law not duly raised.   The question thus clearly became one of fact.   In submitting such question to the jury the learned trial judge said:

" It resolves itself down to this single question: Did the defendant company use proper care for the protection of its employees under the circumstances of this case?   If it did then there can be no recovery in this case.   If it did not and the injury resulting was caused by that lack of proper care or the negligence of the defendant, then there may be a recovery in this case.   Now it is alleged by the plaintiff in this case that the defendant was negligent for the reason that it did not fur-

nish or use the proper appliances to keep these cars where they were placed, and did not use proper care or the appliances which were in ordinary use by the people who were engaged in that business at that time. Now did they or did they not, use the ordinary appliances that were in common or general use at the time at which this accident occurred? There have been a number of witnesses sworn, who testified as to the appliances that are in ordinary and general use in the business in which these people were engaged."

Again he said: "It is the duty of an employer to use the ordinary and usual methods to secure the safety of his employees; they are not obliged to use extraordinary methods or appliances but they are obliged to take the necessary and proper precautions and such as are usually taken for the protection of their employees in the business in which they are engaged. Now that is the principal question for you to determine in this matter. You have heard the evidence of the witnesses as to the usual methods that are used for the purpose of operating cars under like circumstances to this. And from this evidence it is for you to say as to whether or not the defendant company did use proper and sufficient appliances to keep these cars in position, taking into consideration the situation in which they were placed and the purpose for which they were used, and what would be the natural and probable results of the failure to use such ordinary and proper appliances as would be necessary to keep these cars in a safe position, and in determining this you must take into consideration all the evidence in the case."

Thus as the question whether appellant did furnish appliances of ordinary character and of reasonable safety was one of fact, the learned trial judge in the language quoted fairly submitted it to the jury and they have found that they were not of such character and safety: North Penna. R. R. Co. v. Kirk, 90 Pa. 15; Strawbridge v. Bradford, 128 Pa. 200.

The contention of the appellant is that the learned trial judge was guilty of error in allowing the jury to pass upon the question because it is claimed that the evidence was not sufficient to establish "any lack of care in any particular." If the learned trial judge had refused to give binding instructions to find for defendant or to affirm a point substantially to that effect, such

refusal might have become some basis for the contention suggested, but without either and in view of what occurred, the question became one of fact and for the determination of the jury under proper instructions. When a question of fact is submitted for the determination of a jury the questions of law for review are such only as are necessarily incident to the determination of such question. Questions of fact are reviewable in this court only when they become essential elements in the determination of questions of law. The instructions in this case in this connection were properly given and the determination of the jury is therefore final and conclusive.

As to the other assignments of error relating to the admission of certain proofs, it is sufficient to say that their admission was not error because they were relevant to the question of fact as to the safety and character of the appliances and within the scope of the statement.

The assignments of error are not sustained and the judgment is affirmed.