# The Pennsylvania Railroad Company *versus* Bantom.

1. The Act of April 26th 1855, expressly gives the widowed mother power to recover damages for the death of a child by negligence; the damages are not limited to nursing and medical attendance, but are such as a court and jury under all the circumstances shall consider reasonable.

2. Both parents are entitled to recover damages, estimated by a common standard.

3. The mother may show what the services of a child were worth to her, as if she had acquired right to them by contract.

4. Nursing, medical attendance and funeral expenses, are proper elements of estimate, but the value of services lost is equally legitimate since the statute.

March 7th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ. READ, J., sick.

Error to the Court of Common Pleas of *Montgomery county*.

The action was by Maria Bantom against the Pennsylvania Railroad Company.

The declaration alleged that the plaintiff was a widow, that her son, Lewis T. Bantom, between thirteen and fourteen years of age, crossing the railroad in a wagon, was struck by the engine and died from the injuries he received, and that the accident was the result of negligence on the part of the agents of the defendants. It further alleged that the plaintiff was engaged in the purchase and sale of milk and cream, that her son assisted

[Pennsylvania Railroad Co. v. Bantom.]

her in the business, and that his services were of great value to her.

The plea was Not guilty.

The evidence was, that on the evening of the 19th of January 1865, Lewis and another boy were in a dearborn wagon, passing along a public road near Athensville, Montgomery county, and in crossing the railroad the wagon was struck by the engine, and Lewis received injuries from which he died a few days thereafter.

The defendant submitted, amongst others, the following points:

3. Even if the action could be maintained, the plaintiff is entitled to recover nothing but compensation for the pecuniary loss she sustained by the death of her son.

4. The extent of such damage is a reasonable compensation for nursing and medical attendance of the deceased.

5. The mother is not entitled to the services of her son, and nothing can be allowed in this action for the loss of such services.

The court filed no charge, but their answers to the points were, " We decline to answer as requested."

The jury found a verdict of $1748 for the plaintiff. The errors assigned were the answers to the points.

*W. Darlington*, for plaintiff in error, cited Penna. Railroad Co. v. Kelly, 7 Casey 372; Same v. Zebe, 9 Id. 318; Same v. Vandever, 12 Id. 304; Coakley v. N. P. Railroad Co., 6 Am. Law Reg. 355; 1 Bl. Com. 453; Commonwealth v. Murray, 4 Binn. 494; Leech v. Agnew, 7 Barr 21; South v. Denniston, 2 Watts 474.

*D. H. Mulvany*, for defendant in error, cited Acts of 26th April 1855, § 1, Purd. 754, pl. 3, Pamph. L. 309; April 15th 1851, § 18, Purd. 754, pl. 1, Pamph. L. 674; Penna. Railroad Co. v. McCloskey, 11 Harris 526; North Penna. Railroad Co. v. Robinson, 8 Wright 175; Zebe v. Penna. Railroad Co., 9 Casey 318; State of Maryland v. Railroad Co., 5 Law Reg. 397; Oldfield v. N. Y. & Harlem Railroad, 3 E. D. Smith 103; Oakland Railway v. Fielding, 12 Wright 320.

The opinion of the court was delivered, May 13th 1867, by

WOODWARD, C. J.—The defendant's points on the trial below, and the argument here, may be reduced to this single proposition —that inasmuch as any plaintiff who sues for an injury resulting in the death of another, is only entitled to recover an indemnity for pecuniary losses, and inasmuch as a widowed mother has no legal right to the services of a minor son, therefore the measure of her damages is only reasonable compensation for nursing and medical attendance of the deceased.

This proposition ignores the Acts of Assembly utterly, and if they are put aside, a shorter method would be that the common law gave no action for the death of another, and therefore the mother could not recover at all. It is not quite logical to concede liability for nursing and medical attendance, as a sequence of an argument that goes to prove the action will not lie.

The answer to the argument is the Act of 26th April 1855, Purd. 754, which declares that the "persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relative."

Now, here is no limitation of damages to nursing and medical attendance. The legislature did not undertake to define the damages, and yet the power of a widowed mother to recover damages for the injury causing the death of her son is expressly given. What damages? Such as a court and jury, in view of all circumstances, should consider reasonable. If this was not what the legislature meant, their meaning is past finding out. Both parents are grouped among the persons entitled to recover damages, and by necessary implication the same damages, or damages estimated by a common standard. If the father could recover for loss of the son's services, which is a conceded point, the legislature have imparted the same capacity to the mother; and she may show what they were worth to her, as if she had acquired right to them by arrangement and contract, if not by law, and of course how much she was pecuniarily injured by his untimely taking off.

This far the legislature have compelled us to go. We keep step with them, and limit the mother's right to a case of *death* and not of *maiming*, because they have changed the rule of the common law no further than this. Where the injury does not result in death, we decided at the present term, in Railway Co. *v.* Stutler, ante p. 375, that the mother has no right of action for loss of a son's services, but where it does result in death we sustain the action by virtue of the Act of Assembly. For the discrepancy of these rules we are not responsible.

Nursing and medical attendance before the death, and funeral expenses afterward, are proper elements of estimate, but the value of services lost is equally legitimate since the statute. There was therefore no error in negativing the points; and

The judgment is affirmed.