# Philadelphia City Passenger Railway Co. *versus* Hassard.

1. Plaintiff, about ten years of age, entered a street car with a brother and sister both younger, who got seats at the rear end of the car and he stood, but afterwards got a seat at the other end. The younger children got off without his knowledge, and after the car started he, seeing they were out, tried to get off by the rear platform, but could not, on account of the crowd of passengers; he went to the front platform, asked the driver to stop; he slacked but did not stop; plaintiff jumped off and was injured. *Held*, that the question of negligence both in defendant's servants and plaintiff was for the jury.

2. It was the duty of the defendants to set the plaintiff down safely, if they could do it by reasonable care and diligence.

3. If plaintiff, on account of his age and inexperience, could not take proper care of himself, the defendants were bound to the highest care and vigilance to secure his safety.

4. What is negligence is generally for the jury; where the court should declare negligence or want of negligence as a matter of law, are the exceptions.

5. It was the duty of the defendants to prevent children from getting on or off the front platform.

6. The fact that the front platform was not enclosed with a fender, was a fact with others to be considered whether there was negligence in leaving the front door open when the car was filled with passengers.

7. The same degree of care and prudence is not to be exacted from a mere boy as from an adult.

8. A child's capacity is the measure of his responsibility; if he has not the ability to foresee and avoid danger, negligence will not be imputed to him.

February 27th 1874. Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 142, to July Term 1872.

This was an action on the case, brought November 15th 1871, by Robert Bruce Hassard, by his father and next friend, Peter J. Hassard, against The Philadelphia City Passenger Railway Company.

The cause of action set out in the declaration was that by the negligence of the defendants in carrying the plaintiff, a lad of ten years of age and a passenger on their cars, he fell from the car, the wheels of which passed over his leg, which was so injured as to require its amputation.

25 P. F. SMITH—24

[Philadelphia City Passenger Railway Co. *v.* Hassard.]

The case was tried April 5th 1872.

The plaintiff testified that he and a younger brother and sister got into one of the defendant's cars on Walnut street east of Broad street; as soon as they got in his sister and brother got seats at the rear end of the car, plaintiff then was standing at the front end of the car :· after some time, a passenger left his seat about the middle of the car and plaintiff took it. There were not very many people in the car when they got in, but about Broad street it began to fill up and was very full after that; there were several persons standing in the aisle and persons standing on the platform; where plaintiff was, he could not see his brother and sister, because the car was so crowded by persons both sitting and standing. When the car got to Twenty-first street, he glanced out of the window and saw his brother and sister getting out of the car from the rear platform, he tried to get out at that platform but could not; the car was crowded; he went to the front platform on which were five or six persons on the side on which he was to get off; he told the driver to stop; the driver said "All right," and slackened up but did not stop; he slackened up with the reins, not with the brake: plaintiff found that they were going too far and jumped off, he slipped on a pile of bricks and the car wheel went over his ankle; there was no fender or guard around the front platform. There was other evidence in corroboration of the substantial statements of the plaintiff; also, that these children were in the habit of going to school in West Philadelphia in the cars of the defendants without being in the charge of any one; also, that when the boy found his brother and sister were out of the car he manifested great eagerness to leave the car in the quickest way possible, and avoid any obstructions that might be in his way; also that there was no notice about the car that passengers were not allowed to get on or off at the front platform and that the door to the front platform was open.

The defendants gave evidence that the car made a full stop at Twenty-first street, a short distance from the place of the accident; it stopped so long that a lady and gentleman and the younger children got off in safety; that there always had been notices on the outside of each end of their cars and on the side, that passengers were not permitted to get on or off from the front platform; also, that the driver, as to stopping, acts by the ringing of the bell by the conductor; that the plaintiff was not prevented from getting off at the rear platform by reason of the crowd on it and in the car, but that he got off from the front platform by reason of his eagerness to leave the car in the quickest way when he found that his brother and sister had left it. There was other evidence in contradiction of the statements of the plaintiff and generally in answer to his case. They gave evidence also that the driver slacked up because

[Philadelphia City Passenger Railway v. Hassard.]

he was going down grade, and that he did not hear the plaintiff ask him to stop.

There was also much evidence on both sides as to the different railway passenger cars having fenders on the front platform.

Points were submitted by both parties, which with their answers are hereafter stated.

The court charged * * * "Your duty is carefully to analyze the testimony; to extract from it what is called evidence. The evidence is the facts to be gleaned from the testimony, and after you shall ascertain the facts, then apply the principles of law as I have laid them down to you. I will, in order that there be no mis-understanding, repeat them. Negligence is the essence of this ac-tion, and before the company can be held responsible, the plaintiff must show that the company so negligently carried him that he was thrown from the car and run over. But where contributory negligence is proved, negligence on the part of the defendants alone, is not sufficient to warrant a verdict. He who asks a ver-dict of another must come into court with his hands clean of neg-ligence on his own part ; and, therefore, it must be made apparent to you that there was negligence on the part of the company, and no negligence whatever on the part of the plaintiff. But with regard to a child of his years, the rule of law as established by the supreme tribunal of this Commonwealth, is just that degree or standard of care which would actuate a boy of his years and intel-ligence under similar circumstances. The law does not require of a boy that degree of care that is exacted of a grown-up person. It does require of him just that degree of care, prudence and discre-tion that his years have given him, and nothing more ; and when this company received this boy upon their car, they took him as he was, they took him with his youthful indiscretion, if he had youthful indiscretion ; they took him with his caution and his pru-dence, if he had them ; whatever was known to be in other boys of his age of ordinary care, they were bound to notice; and if greater prudence and discretion than that exercised by this boy upon this occasion, would characterize the conduct of other boys of his age under similar circumstances, then the company is not to be held responsible, because of the rashness and impulsiveness of this boy in springing from his seat, rushing by the driver and jumping from the car whilst it was in motion. * * *

"Did this company act with ordinary care ? The rules of the company, as you have them before you in evidence, are that the driver obeys the signal-bell of the conductor. Indeed, we all know in this community that his duty is to watch his horses in order to prevent colliding with passing vehicles at street intersec-tions, or to prevent running down pedestrians or foot-passengers; he has no charge of the passengers in the car; his duty is to obey the conductor. The passengers are under the control of the con-

[Philadelphia City Passenger Railway Co. *v.* Hassard.]

ductor. The duty of the conductor is to obey the signal of those on the sidewalk who desire him to stop his car to get in ; to stop it a sufficient length of time to permit passengers to enter and to be comfortably seated; to stop it when a passenger inside shall give a signal for that purpose, a sufficient length of time to enable the passenger to make his exit to the pavement free, so that the car when it starts will not touch him, or disturb or trip him or throw him. * * *

"Some of the witnesses say that the boy also obtained a seat, and afterwards removed to the upper end of the car. They remained comfortably and securely protected within the car until they reached the intersection of Twenty-first and Walnut streets.

"There is no evidence, it seems to me, to warrant the conclusion that the employees of the road did not, up to this point, act with ordinary, nay, more, with commendable care. The signal is given at Twenty-first and Walnut streets to the conductor to stop ; he does stop; one lady, if not more, alights; the two younger children also alight; that being the terminus of their route or trip upon that day, so far as the car was concerned.

"Now I draw your attention to this fact, because it seems to me that it has some bearing upon this question. Two younger children in company with this boy, and as between the three it would seem he should stand protector and guardian to these children. The two younger children leave the car at Twenty-first and Walnut streets (they having been securely protected and carried to that point in a proper way); by means of the rear platform reach the pavement in perfect safety. It is some evidence to show that the company carefully carried them to that point, and carried also this boy to that point. It is some evidence for your consideration to show that as these children of younger years were discreet enough to deport themselves properly, and properly find their exit by means of the rear platform, where danger is least to be apprehended, whether this lad, that is the plaintiff-suitor before you, should not have done so also.

"One of the witnesses tells us that the conductor stopped until no other person desired to alight. He rang the bell and started. Another witness says the car had got under headway, but no more than under headway, when this boy started, looked to the rear end and then to the front, as if trying to discern which way he could make the quickest exit, or from which end he could make the quickest exit, and rushed by the driver and jumped from the platform."

The judge then referred to other evidence in the case, and proceeded :—

"Now these are the facts and the principal facts, as it seems to me, in the case. It is necessary for me to review so much of the

[Philadelphia City Passenger Railway Co. *v.* Hassard.]

testimony as to give point to the legal propositions that I have laid down.

"Now, then, you will consider, in view of these younger children being safely carried, and this elder brother being safely carried to that point, and these younger children being safely deposited upon the pavement, whether the company, so far as the driver and the conductor were concerned, was guilty of any negligence. If negligence there was, it seems to me it lies in not knowing what was the exact standard of intelligence and discretion of this young boy; and it seems to me it must, after all, turn upon that one question. If he had arrived at such an age that he ought to have known better, as ascertained from the action and conduct of boys of his age of ordinary care, there was no actual negligence upon the part of the company under such circumstances. But if from his age he was not required to exercise a greater degree of care and prudence than he did, then the company were bound to notice that, and to guard this boy from the perils that inhere in tender years; then it was their duty to close the front door, or to put some one with him, whereby in his youthful impulse he could have been prevented from doing that which resulted in so terrible an accident to him. Therefore I say it seems to me that the question turns almost exclusively upon that question.

"Much has been said about fenders. That question with all others will come before you—but I will not say to you·as a matter of law that it is necessary for a street car, where the common custom is to enter from the rear and to depart from the rear, to have a fender around the front platform; and you may consider this testimony with other testimony, whether it was required as an act of prudence to protect passengers. I am bound to say to you, however, as a matter of law, that the best known practical improvement in use the company are bound to adopt, in order to insure and protect the lives and limbs of their passengers. This applies with peculiar force to carriers of passengers. * * *

"I have sufficiently referred to what I consider the material points of the case as disclosed by the testimony, in order to enable you to understand the legal propositions as I have laid them down; and if from them you are of the opinion, that in view of this boy's age, this company has been guilty of negligence, then he is entitled to recover. If you are of opinion in view of his age, and what other boys of his age would have done, that the company were not guilty of negligence, but that the boy himself was guilty of negligence, then in that event this company should have the verdict. * * *

"I am asked by the plaintiff's counsel to say to you:—

"5. If you believe the injury in question was caused by the negligence of the defendants or their employees, in not having the improvements aforesaid, or otherwise, and the injured child had

not capacity to appreciate the danger and avoid it, so far as any act on his part contributed to the injury, that incapacity shields him from responsibility for any act of his contributing to the injury, although such act would have been contributory negligence in an adult, defeating his recovery, and your verdict should be for the plaintiff.

"Answer. I will affirm that point. If this boy had not capacity enough, as ascertained by the test that I have given you, namely, that degree of intelligence, discretion, and prudence that should characterize boys of his age of ordinary caution, then the boy is not to be held responsible for this absence or the want of it. The law does not exact of the child impossibilities, any more than it exacts of this company impossibilities.

"7. If you believe the injured boy in leaving the car at the time of the injury in question, acted according to the habitual impulse of a child of his age, under all the circumstances, and the defendants were guilty of negligence in any of the modes aforesaid, or otherwise, and the injury resulted therefrom, your verdict must be for the plaintiff.

"I affirm that point.

"The defendants have asked me to charge :—

"1. That if the jury believe from the evidence that the plaintiff by negligence on his part contributed to the accident, the verdict should be for the defendants.

"That is so, provided the boy had reached those years of discretion that should have taught him better. If under the charge I have given you, you find that he ought not to have done so, the doing it under these circumstances defeats his right of recovery.

"2. That if the jury believe from the evidence that the plaintiff attempted to get off the car while it was in motion, and in consequence of such act on his part the accident occurred, the verdict must be for the defendant.

"I answer this point exactly as I answered the preceding one. That if the boy's age and discretion was such as to teach him that he should not do so, then he ought not to have done so, and in doing so he contributes to the accident, and that contributory act of his defeats his right to recover.

"3. That if the jury believe from the evidence that the accident occurred from a mere act of thoughtlessness of the plaintiff in attempting to jump from the car while it was moving, the verdict must be for the defendants.

"My answer to this is substantially what it has been to the preceding. If his years were such as to warrant this degree of thoughtlessness that characterized his conduct, he is not responsible, because the law does not exact more from a child of his age than the common action of children of his age leads us to believe he was possessed.

" 4. That if the jury believe from the evidence that the defendants were using their car in the usual and ordinary way, and the accident happened solely by the plaintiff attempting to get off the car from the front platform while the car was in motion, the verdict must be for the defendants.

" That is to receive the same qualification. If the little fellow knew better; if he should have known better; if he did otherwise than boys of his age would have done of ordinary care, then this proposition is right.

" 5. That if the jury find from the evidence that the plaintiff was a passenger on the car, then the law of the contract between him and the defendants bound him to observe all the reasonable regulations of the company as to the mode of leaving the cars; and if the jury find from the evidence that a rule of the company requires all passengers to get off the car at the back platform, and that by reason of the plaintiff's neglect to observe that rule the accident occurred, the verdict must be for the defendants.

" An adult making a contract with a minor, especially if the child contracts with him according to his standard of intelligence, there cannot be entire mutuality, and the only degree of fulfilment that can be exacted of the child is the best possible prudence, knowledge and discretion that the child has, as ascertained by that prudence, discretion and intelligence characterizing the conduct of boys of such age of ordinary care.

" 6. That if the jury believe from the evidence that the plaintiff was not seen by the driver or conductor when he jumped off the front platform, and that neither of them could have prevented the accident, then the verdict must be for the defendants.

" Yes; unless this boy's age should have told them that it was unsafe to leave him with the front door open without some one to take care of him; unless his age, his discretion was such as to convince them that he ought to have found his exit as his brother and sister did, by the rear platform. I have already referred to his younger brother and sister leaving the car from the rear platform. It is some evidence to my mind that he ought to have done likewise, but that is entirely for you.

" 7. That the defendants were not guilty of negligence by reason of having the front platform open or unenclosed at its sides.

" As that is stated briefly, and for the purpose of having the thing settled by the court in banc, I will affirm that proposition absolutely.

" 8. That if the jury believe, that from the evidence that the plaintiff was of sufficient discretion to understand the dangerous character of the act which resulted in the accident, then if by such act he contributed to the accident, he cannot recover, and the verdict must be for the defendants.

" I affirm that absolutely.

[Philadelphia City Passenger Railway Co. *v.* Hassard.]

" 9. That if the jury believe from the evidence that the plaintiff was possessed of sufficient discretion to understand the dangerous character of the act he was doing, in attempting to get off the front platform of the car while it was in motion, and that by so attempting to get off the car he contributed to his own misfortune, then the rule of law which precludes an adult from recovering, where by his negligence he has contributed to his own injury, is applicable to this plaintiff, and the verdict must be for the defendants.

" I affirm that proposition.

" 10. That there is no sufficient evidence of negligence on the part of the defendants to entitle the plaintiff to recover in this suit, and the verdict must be for the defendants.

" I decline to affirm that, and leave the question for your determination under the evidence."

The verdict was for the plaintiff for $3000.

The defendants took out a writ of error and assigned for error :
1–2. The answers to the plaintiff's 5th and 7th points.

3–9. The answers to the defendant's 1st, 2d, 3d, 4th, 5th, 6th and 10th points.

*D. Webster* and *G. W. Thorn*, for plaintiffs in error.—On the undisputed facts the plaintiff was guilty of negligence : Ph. & R. R. R. *v.* Spearen, 11 Wright 300 ; Brown *v.* European R. R., 58 Maine 384 ; Penna. Can. Co. *v.* Bentley, 16 P. F. Smith 30 ; Cleveland & Pittsburg R. R. *v.* Rowan, Id. 393. A railroad passenger impliedly assents to all reasonable rules for entering and leaving the cars : Penna. R. R. *v.* Zebe, 9 Casey 318; s. c. 1 Wright 420 ; Sullivan *v.* Phila. & Reading R. R., 6 Casey 234 ; Pittsburg & Connellsville R. R. *v.* McClurg, 6 P. F. Smith 294 ; Parsons on Contracts 269.· There was not sufficient evidence to submit to the jury that the defendants' servants were guilty of negligence : Carter *v.* Towne, 103 Mass. 507. On the undisputed facts of the case negligence was a question of law, and the court should not have permitted the cause to go to the jury : Bulger *v.* The Albany R. R., 42 New York Rep. 461.

*R. L. Brown* and *G. L. Crawford*, for defendant in error.—Carriers of passengers, liable only for negligence, are held to the greatest and highest care and forethought in the construction of their vehicle, and its use, and to the adoption, from time to time, in the progress of improvements of any improvement in known practical use, as a safeguard and precaution against known sources of danger and injury : Addison on Torts 368 ; Shear & Redf. on Negl. 296 ; Freemantle *v.* L. & N. W. Railway Co., 10 C. B. N. S. (J. Scott N. S.) 92 ; Meier *v.* Penna. R. R. Co., 14 P. F. Smith 227. And the test is not universal use or general use, but known practical use : F. & B. Turnpike Co. *v.* P. & T. Railroad Co., 4 P. F·

Smith 349.  The whole question of negligence is one for the jury and not the court: McCully v. Clarke, 4 Wright 406, 7 ; Turnpike Co. v. Railroad Co., 4 P. F. Smith 349 ; Kay v. Penna. R. R. Co., 15 Id. 274; Penna. Canal Co. v. Bentley, 16 Id. 34. Running their car so overloaded was negligence: Addison on Torts 371.

The opinion of the court was delivered, May 11th 1874, by
WILLIAMS, J.—This was an action to recover damages for an injury occasioned by negligence.  The plaintiff below, a boy of ten years of age, was a passenger on the defendants' car, and, in getting off, jumped from the front platform while the car was in motion, and received an injury which resulted in the loss of a leg. At the time of the accident there were more passengers in the car than could be seated.  Some were standing on the front and rear platforms, and others inside the car, in the passage-way, between the seats.  The plaintiff got into the car in company with his younger brother and sister, at or near the intersection of Walnut and Broad streets.  The latter, upon entering the car, got seats near the door at the rear platform.  The plaintiff, after standing awhile, obtained a seat at the upper end of the car near the front door, which was open.  The car stopped at Twenty-first street, and the younger children, without the knowledge of the plaintiff, got off with other passengers.  But as the car started he saw them on the sidewalk, and tried to get out to the rear platform, but the passageway was so crowded that he turned and rushed out of the front door, and, as he says, told the driver to stop, who answered "all right," and slacked up with the reins.  While the car was in motion, the plaintiff jumped off upon a pile of loose bricks, and slipped under the car.  The hind wheel passed over his leg, crushing the bone above the ankle, and opening the ankle-joint.  The driver testified that he slacked up because it was down grade; that he did not hear the boy ask him to stop, and that the first he saw of him he was falling, or jumping off the front platform.  He could not say whether he jumped off or fell off; that he checked his horses, put his break to the car and did his best to stop it.  The conductor was on the rear platform making change for a passenger who was paying his fare, and did not see the plaintiff until he felt the bouncing of the car as it passed over his leg, and then he saw him crawl over to the sidewalk.

The court instructed the jury, in substance, that if the plaintiff's injury was occasioned by the negligence of the defendants, without any fault on his own part, then he was entitled to maintain the action.  But if it was not occasioned by the defendants' negligence, or if his own negligence contributed to produce it, he was not entitled to recover.  But in determining whether he acted with ordinary care, or was guilty of negligence, the jury must consider

his conduct and action in view of his age. All that the law exacted of him, was such prudence and discretion as is usually exercised by boys of his own age; and if he acted with as much care and prudence under the circumstances, as children of his own age generally exercise, then he was not chargeable with negligence. No complaint is made in regard to these instructions, but it is alleged that there was error in the answers of the court to the plaintiff's fifth and seventh points, and to the defendants' first, second, third, fourth, fifth, sixth and tenth points; all of which, as it seems to us, were answered in substantial conformity with the instructions contained in the general charge. The assignments of error embracing the answers to these points, virtually raise but two questions :—

1. Whether, under the facts disclosed by the evidence, the court should have charged that no negligence was imputable to the defendants ?

2. Whether the court should have charged that the plaintiff's injury was occasioned by his own negligence or misconduct ?

It was the duty of the defendants to carry the plaintiff and set him down safely, if they could do it by the exercise of reasonable care and vigilance. If the plaintiff, on account of his age and inexperience, was incapable of taking proper care of himself, then the defendants were bound to exercise the highest care and vigilance necessary and proper to secure his safety. Whether the carrier, in the case of an injury to a passenger, has exercised reasonable and proper care to prevent it, or has been guilty of negligence, is, as a general rule, a question of fact for the jury. But there may be such an obvious disregard of duty and safety, as to make it incumbent on the court to declare it negligence as a matter of law: Penna. R. R. Co. *v.* Ogier, 11 Casey 60 ; Pittsburg & Connellsville R. R. Co. *v.* McClurg, 6 P. F. Smith 295 ; and so the evidence may show such care and vigilance, and such an absence of any fact from which negligence can be inferred, as to make it the duty of the court to declare that no negligence is imputable : Philadelphia & Reading R. R. Co. *v.* Hummell, 8 Wright 375. But such cases are exceptions to the general rule, that what is negligence is a question for the jury, when the measure of duty is ordinary and reasonable care: McCully *v.* Clark & Thaw, 4 Wright 399 ; Glassey *v.* Hestonville, &c., Passenger Railway Co., 7 P. F. Smith 172 ; Kay *v.* Penna. Railroad, 15 Id. 269; Penna. Canal Co. *v.* Bentley, 16 Id. 34 ; West Chester & Phila. R. R. Co. *v.* McElwee, 17 Id. 311. Is then the case before us within the exception, or does it clearly come within the general rule ?

It was undoubtedly the duty of the defendants to prevent children from getting on or off the front platform, or from riding in a place of so much danger : Pittsburg, Allegheny and Manchester Railway Co. *v.* Caldwell, 24 P. F. Smith 421 ; and if negligence is not

[Philadelphia City Passenger Railway Co. *v.* Hassard.]

imputable to them as a matter of law, because they did not enclose the front platform with a screen or fender, the fact that it was not so enclosed is a matter proper to be considered, in connection with the other facts of the case, in determining whether, or not, the defendants were guilty of negligence in allowing the front door to remain open, when the car was filled with passengers, some of whom were children, unattended by their parents or guardians, and who, from their youth and inexperience, may not have known that there was greater danger in getting off the front, than there was in getting off the rear platform.   If the car was filled with passengers—if some were standing on the platforms, and others in the passageway, blocking it up so as to make it difficult for the plaintiff to get to the rear platform, and impossible for the conductor to see him, how, under these circumstances, could the court say, as matter of law, that it was not the defendants' duty to keep the front door closed, and that they were guilty of no negligence in allowing it to remain open?   If the plaintiff did not know that it was more dangerous to get off the front than to get off the rear platform, was not the crowded passageway and the open front door an invitation to him to go through it and get off the front platform?   If the latter had been enclosed with a screen or fender, the door might have been allowed to remain open with safety.   But there was nothing in the construction of the front platform, showing that it was not to be used by passengers in getting on and off the car ; and the evidence shows that the plaintiff was not told or informed that he must not get on or off the front platform.   It is clear, under all the circumstances, that the court could not have instructed the jury as matter of law, that it was not the duty of the defendants to keep the door closed, and if so, the question of negligence was properly submitted to their determination.   Where both the duty and the extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence and whether it has been proved : McCully *v.* Clarke & Thaw, *supra*.   The court below was, therefore, right in refusing to charge that no negligence was imputable to the defendants.

II. Was there error in not charging that the plaintiff's injury was occasioned by his own negligence or misconduct?

It may be conceded that if the plaintiff had been an adult of ordinary discretion and intelligence, he would have been chargeable with negligence in jumping from the front platform, while the car was in motion, and the court might properly have instructed the jury that his injury was occasioned by his own folly and imprudence.   But the plaintiff was a mere boy, and the law, because of his tender age and inexperience, does not exact of him the same degree of care and prudence that it does of a person of mature years.   A boy's capacity is the measure of his responsibility ; and if he has not the ability to foresee and avoid danger to which he

[Philadelphia City Passenger Railway Co. *v.* Hassard.]

may be exposed, negligence will not be imputed to him, if he unwittingly exposes himself to it.   Whether, then, the plaintiff had sufficient discretion and intelligence to know that he was exposing himself to great bodily harm in jumping from the platform as he did, was not a matter of law but a question of fact, and was properly submitted to the jury, with the instruction that the law exacted of the plaintiff just that degree of care, prudence and discretion that his years had given him and no more ; and if greater prudence and discretion than that exercised by the plaintiff, upon this occasion, would characterize the conduct of other boys of his age under similar circumstances, then the company is not to be held responsible, because of the rashness and impulsiveness of this boy in springing from his seat, rushing by the driver, and jumping from the car whilst it was in motion.   The law governing the plaintiff's responsibility for the act which resulted in his injury, is clearly and accurately stated in the defendant's eighth and ninth points, which were affirmed by the court without qualification, and by their affirmance the question of the plaintiff's negligence was submitted to the jury with just such instructions as they asked.   If the verdict of the jury was against the weight of the evidence, the defendant's remedy was a motion for a new trial, the granting or refusal of which was a matter within the sound discretion of the court below, and is not reviewable here.

                                        Judgment affirmed.