## J. C. STRAWBRIDGE ET AL. v. E. T. BRADFORD.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued March 23, 1889—Decided October 7, 1889.

(*a*) A delivery boy, thirteen years and four months old, employed in a mercantile establishment, was injured upon an unguarded freight lift by which he was required to ascend and descend from one floor to another.

1. There being testimony given by persons acquainted with the construction of the lift, that it was not a reasonably safe one for the transportation of boys, the question of negligence of the defendant was a question of fact for the jury.

2. A boy's capacity is the measure of his responsibility; and in this case, the plaintiff not having attained the age when sufficient capacity to be sensible of danger and to avoid it is presumed, the question of contributory negligence, under the evidence, was also a question of fact for the jury.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 74 January Term 1889, Sup. Ct.; court below, No. 464 June Term 1888, C. P. No. 1.

On March 31, 1888, Edward T. Bradford, a minor, by James W. Bradford, his father and next friend, brought statutory trespass against Justus C. Strawbridge and Isaac H. Clothier, trading as Strawbridge & Clothier, to recover damages for per-

sonal injuries caused by the alleged negligence of the defendants. Issue.

At the trial on October 12, 1888, the material facts developed were substantially as follows:

In the latter part of 1887, the plaintiff entered the service of the defendants as a delivery boy. When going from one floor to another in the building, except when sent by their chief to the second floor for tickets, when they might use the stairway, the boys were required to use a freight lift or elevator. This lift consisted of a platform with four posts, one at each corner. Two sides, the north and west, were inclosed by wire screens; on the other two sides, for convenience in loading and unloading goods, there were no guards whatever. The lift ran in a shaft or well, the sides of which were ten and one half inches from the edge of the platform, except at every floor unbeveled sills projected eight and three quarter inches into the well. There was testimony that the lift was not a reasonably safe one for the transportation of delivery boys.

On February 22, 1888, the plaintiff, then thirteen years and four months old, went upon the lift to go to an upper floor. He went for his own purposes, but, as he testified, with the permission of his superiors. There were four others on the lift, and the plaintiff stood at the unprotected corner. The man running the lift saw the boy, as he admitted, but did not warn him of his danger. When the platform reached the floor, the plaintiff's foot, extending beyond the platform, was caught and crushed by the projecting sill.

Witnesses for the defendant testified that the plaintiff on this occasion was using the lift without permission, and in so doing was disobeying positive orders; and also, that except when he had a delivery bundle he was at liberty to use any one of four stairways. Testimony was also introduced to show that such freight lifts as that causing the injury were used generally in like establishments.

The court, BIDDLE, J., submitted the case to the jury with instructions which were in accordance with the answers to defendants' points, as follows:

1. If the jury believe that the elevator, although susceptible of being made safer, was such as is in general use for the same

purposes and in establishments similar to Strawbridge & Clothier, the plaintiff cannot recover, and the verdict must be for the defendants.

Answer : I will say to that, that if you believe that it has been in evidence that the safeguards suggested here by the plaintiff were not generally employed in similar establishments when used in the same way, or believed by their proprietors to be desirable or useful, the defendants would not be guilty of negligence in not employing them.

The second, third, fourth, fifth, and sixth points I will read to you, as I purpose to answer them all together.

2. Even if the elevator were not such as is in general use for the same purposes, and in establishments similar to the defendants', yet, if it could be safely used by standing upon the guarded sides, and the jury believe that the defendants established rules of which the plaintiff had notice, not to stand on the exposed sides, and that the plaintiff was hurt because he disobeyed, he cannot recover, and the verdict must be for the defendants.

3. If the jury believe that plaintiff was ascending in the elevator not upon business for his masters, but upon his own errand, and that he could have used one of the four staircases, he cannot recover, and the verdict must be for the defendants.

4. If the jury believe that plaintiff knew and disobeyed rules of the establishment by leaving the delivery-clerk's desk without permission, not upon the errand of his employer, and was hurt whilst so doing, he cannot recover, and the verdict must be for the defendants.

5. In the case of an adult the slightest negligence contributing to an accident absolutely bars recovery, and if the jury believe that plaintiff knew before the accident that if he allowed his foot to project beyond the elevator he was likely to get hurt, and that he was injured because he did so, he cannot recover, and the verdict must be for the defendants.

6. The plaintiff having testified that he knew before the accident that the part of the elevator where he stood was unprotected by guards, and that the sill projected into the shafts, and that if part of his body were projected beyond the elevator it would be injured, and his foot was so projected, and caught, he was guilty of contributory negligence, and the verdict must be for the defendants.

Answer: I would answer those points in this way: Your determination of these questions should be governed by the amount of discretion that a boy of this age should possess. For instance, if a child of four years of age was allowed access to a place where a slight neglect would cause it severe injury, the mere fact of warning the child in advance to sit perfectly still in one place would not relieve from responsibility. You must guard against indiscretion of a child of that age. The question here is, whether, considering the age of this child and the fact that he was allowed to use this machine on certain occasions—he was not forbidden to use it because it was dangerous but because he had no bundle in his arms and without Mr. Steele saw where he stood—he was guilty of such negligence as would relieve the defendant of responsibility.

7. Under all the evidence the verdict must be for the defendants.

Answer: That I refuse.[1]

The jury returned a verdict for the plaintiff for $700. Judgment having been entered, the defendants took this writ assigning as error:

1. The refusal of defendants' seventh point.[1]

*Mr. Thomas Leaming, Jr.,* for the plaintiffs in error.

Counsel cited, upon the question of negligence on the part of the defendants: Delaware River etc. Building Works v. Nuttall, 119 Pa. 149. Upon the question of contributory negligence of the plaintiff: Barnes v. Sowden, 119 Pa. 53; Colgan v. Pass. Ry. Co., 4 W. N. 400; Nagle v. Railroad Co., 88 Pa. 35; Beach on Cont. Neg., § 12; Phila. etc. Ry. Co. v. Hassard, 75 Pa. 367; Honor v. Albrighton, 93 Pa. 475; West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524; Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55.

*Mr. Rufus E. Shapley* (with him *Mr. Ellis Ames Ballard*), for the defendant in error.

Counsel cited: Nagle v. Railroad Co., 88 Pa. 35; Crissey v. Pass. Ry. Co., 75 Pa. 83; West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524; Miller v. Railroad Co., 2 Pa. Sup. Ct. Dig. 57.

OPINION, MR. JUSTICE McCOLLUM:

There was abundant evidence to carry this case to the jury on the question of the alleged negligence of the defendants in failing to provide a reasonably safe elevator, for the uses required of the one on which the plaintiff was injured. This elevator was constructed for the purpose of carrying freight. Two sides of it were without guards of any description. It ran in an aperture the sides of which were ten and a half inches distant from the platform, and into which, at each floor, unbeveled sills projected eight and three quarter inches. It was operated by the defendants for the double purpose of transporting their freight and their employees. From thirty to one hundred delivery boys were required to use it, in entering and departing from the basement of the building where they were stationed, and in passing from the basement to the upper floors in the performance of the tasks assigned them. A number of persons acquainted with the construction and use of elevators, testified that this was not a reasonably safe one for the transportation of these boys, and this evidence was not answered. An unsuccessful attempt was made by the defendants to show that in establishments like theirs, freight elevators were generally used as this was, but there was no effort to prove that it was proper and safe to so use them. Certainly, upon this evidence the court could not say that the defendants had discharged their whole duty and were guiltless of negligence in the particular complained of.

It is claimed, however, that the plaintiff's own negligence contributed to his injury and prevents a recovery, and that the court should have so instructed the jury. But it must be borne in mind that this plaintiff had not attained the age when sufficient capacity to be sensible of danger and to avoid it is presumed: Nagle v. Railroad Co., 88 Pa. 35. A boy's capacity is the measure of his responsibility; and if he has not the ability to foresee and avoid the danger to which he may be exposed, negligence will not be imputed to him, if he unwittingly exposes himself to it: Phila. etc. Ry. Co. v. Hassard, 75 Pa. 367; Crissey v. Railway Co., 75 Pa. 86. When an infant who has not reached the age of discretion is charged with concurrent negligence, it becomes important to inquire if he had sufficient understanding to comprehend and guard against the peril he

was in, and this matter is ordinarily to be considered by the jury, in connection with the other circumstances of the case and under proper instructions from the court. It is true that in Honor v. Albrighton, 93 Pa. 475, it was said that "the conduct of the boy presented a case of contributory negligence," but there is nothing in the report of the case to indicate that the question raised here was suggested or considered; and as it was distinctly ruled that the defendants had discharged their whole duty to the plaintiff, and the act which constituted the alleged negligence was that of a fellow servant, it was unnecessary to inquire into the conduct or ability of the plaintiff as affecting his right to recover. The decision in Miller v. Railroad Co., 2 Pa. Sup. Ct. Dig. 57, was by a divided court, and within the rule laid down in Nagle v. Railroad Co., supra. In the present case, it was proper and important to consider the plaintiff's own testimony as to his knowledge of the elevator, and the danger to which he was exposed when riding upon it, but this we think was for the jury, in connection with the other evidence.

We are of opinion that the question of the alleged contributory negligence of the plaintiff was not a question of law for the court, but of fact for the jury, and that it was properly submitted.

Judgment affirmed.