## Kelly *v.* Pittsburg & Birmingham Traction Company, Appellant.

| 204 | 623 |
| d215 | 409 |
| 204 | 623 |
| Case 2 | |
| 32 SC [2] 29 | |
| 204 | 623 |
| Case 2 | |
| f218 | [2]306 |
| f 34 SC | 394 |

*Verdict—Evidence—Weight of the evidence—Setting aside verdict.*
Where questions of fact have been properly submitted to the jury on conflicting testimony, a verdict will not be set aside as against the weight of the evidence, merely because the conclusion of the jury was not that which the trial court and the appellate court would have reached on the same evidence.

*Negligence—Infant—Contributory negligence—Question for jury.*
It will not be presumed, as a matter of law, that a boy twelve years old has sufficient capacity to be sensible of danger and to avoid it. His contributory negligence is a matter to be passed upon by the jury.

*Negligence—Parent and child—Injury to child not resulting in death—Father—Mother.*
A mother has no right of action for an injury to a minor child caused by the negligence of another, and not resulting in death.
Where a suit is brought by a father in his own right and as next friend of his minor child to recover damages for injuries to the child not resulting in death, and pending the suit the father dies, and the mother of the child is substituted of record as next friend, a verdict and judgment for the mother in her own right cannot be sustained.

Argued Nov. 5, 1902. Appeals, Nos. 125 and 126, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Allegheny County, Jan. T., 1898, No. 284, on verdict for plaintiffs in case of Charles H. Kelly, by his Mother and Next Friend, Mary Kelly, v. Pittsburg & Birmingham Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed as to Charles Kelly and reversed as to Mary Kelly.

Trespass to recover damages for personal injuries to a boy twelve years old. Before SHAFER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for Mary Kelly for $2,000, and for Charles H. Kelly for $2,700. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Clarence Burleigh*, for appellant.—It may be assumed that a child old enough to be trusted to run at large has discretion enough to avoid ordinary danger, and that persons who have business on the street may reasonably conclude that they are not to provide against possible damages that may result to such child by his own wilful act: Hestonville, etc., Pass. Ry. Co. v. Connell, 88 Pa. 520; Kehler v. Schwenk, 144 Pa. 348; Brinkley Car Works & Mfg. Co. v. Cooper, 67 S. W. Repr. 752; Gleason v. Smith, 55 L. R. A. 622; Funk v. Electric Traction Co., 175 Pa. 559.

Mary Kelly is not and never has been a party to this action.

Where the injury does not result in death, the mother has no right of action for the loss of a son's services: Penna. R. R. Co. v. Bantom, 54 Pa. 495; Fairmount, etc., Street Pass. Railway Co. v. Stutler, 54 Pa. 375; South v. Denniston, 2 Watts, 474.

*L. B. Cook* for appellee.—Charles H. Kelly, being a minor, his mother, Mary Kelly was entitled to recover, and was properly admitted as plaintiff: Act of June 26, 1895, P. L. 316.

A boy's capacity is the measure of his responsibility, and in this case the plaintiff not having attained the age when

sufficient capacity to be sensible of danger and to avoid it is presumed, the question of contributory negligence under the evidence was a question of fact for the jury: Strawbridge et al. v. Bradford, 128 Pa. 200 ; Smith v. O'Connor, 48 Pa. 218; Philadelphia City Passenger Railway Co. v. Hassard, 75 Pa. 367 ; Crissey v. Hestonville, Mantua & Fairmount Passenger Railway Co., 75 Pa. 86.

OPINION BY MR. JUSTICE BROWN, January 5, 1903:

After reviewing the testimony in this case, we are not surprised that the learned judge below, in his opinion refusing a new trial, said: " The conclusion of the jury was not that which the court would have reached on the same evidence," adding at the same time, however, that it was not so manifestly against the weight of the evidence as to require him to set the verdict aside.    The principal reason advanced for the new trial below, and the one most urgently pressed upon us here for reversing the judgments, is that the verdict was against the weight of the evidence.    The testimony was conflicting, and, though to the mind of the trial judge, as well as to our own, it ought fairly to have led the jury to a different conclusion on the questions of the defendant's negligence and the contributory negligence of the boy, these were questions of fact for the determination of the triers of facts, and not for the court.    For this reason the court below properly refused to invade the province of the jury, and, in affirming the judgment in favor of Charles H. Kelly, we adopt as our own the following language from the opinion refusing a new trial: " The plaintiff's evidence was to the effect that the car was running at a high rate of speed without any light at a time of night when a light was necessary. We think this is evidence of negligence on the part of the company which must go to the jury.    The only remaining question is as to the contributory negligence of the plaintiff.    Being under the age of fourteen years, the general rule is that his contributory negligence is a matter to be passed upon by the jury.    We see nothing in this case which would authorize the court to take from the jury the question of the complainant's contributory negligence."

At the time the boy was hurt, May 6, 1897, he was not quite twelve years old, and there was nothing developed on the trial

that took the case out of the rule as laid down in Strawbridge
v. Bradford, 128 Pa. 200, where the injured boy was thirteen
years and four months old: " It is claimed, however, that the
plaintiff's own negligence contributed to his injury and prevents
a recovery, and that the court should have so instructed the
jury.    But it must be borne in mind that this plaintiff had not
attained the age when sufficient capacity to be sensible of dan-
ger and to avoid it is presumed: Nagle v. Railroad Co., 88
Pa. 35.   A boy's capacity is the measure of his responsibility;
and if he has not the ability to foresee and avoid the danger
to which he may be exposed, negligence will not be imputed
to him, if he unwittingly exposes himself to it; Phila. Ry. Co.
v. Hassard, 75 Pa. 367; Crissey v. Railway Co., 75 Pa. 86.
When an infant who has not reached the age of discretion is
charged with concurrent negligence, it becomes important to
inquire if he had sufficient understanding to comprehend and
guard against the peril he was in, and this matter is ordi-
narily to be considered by the jury, in connection with the
other circumstances of the case and under proper instructions
from the court."

Turning to the judgment in favor of Mrs. Kelly, the mother,
we are at a loss to understand how she recovered, for she never
had a cause of action against the defendant, and, even if she
had, she is not on the record as suing for herself.    It is urged
that these objections were not made in the court below, and if
this be true, as we assume it is, it was unfair to the learned trial
judge not to have called his attention to what would have led
him to direct a verdict against the mother.    If we could avoid
disturbing this judgment, we would do so, for the reason that
the objections now made were not raised below; but we must
consider them here because one of them, at least, is fundamen-
tal, and was always in the way of the mother's right to recover.

When the boy was hurt, his father, Patrick Kelly, was living.
The suit was originally brought by the father in his own right
and as the next friend of his son.    The cause of the father's
action was the alleged negligence of the traction company, re-
sulting in injuries to the minor son, in consequence of which his
services would be lost to the father during his minority.    The
cause of action arose May 6, 1897.    At that time there was
nothing for which the mother could have sued, and the appel-

lant was guilty of nothing subsequently which gave her a cause of action against it. The boy was not killed, but simply injured, and, in such a case, the cause of action is in the father alone, as we have held, for reasons which need not be repeated here, in Fairmount & Arch Street Passenger Railway Co. v. Stutler, 54 Pa. 375, and in Pennsylvania Railroad Company v. Bantom, 54 Pa. 495. This cause of action was not split by the death of the father, and until the legislature gives the mother the right to sue in a case of injury to a minor child, caused by the negligence of another and not resulting in death, we cannot give it to her. The Act of June 26, 1895, P. L. 316, gave Mrs. Kelly no right to sue. It simply gives a wife, under certain circumstances, equal power, control and authority with the father over a minor child, and an equal right to its custody and services. It does not appear from the testimony that the family circumstances were such at the time of the injury as gave Mrs. Kelly, under the act of 1895, this equal right with her husband in the power, control and authority over her child and to his custody and services.

Two years after the suit was brought the father died, and about six months after his death the following substitution was made on the record: " And now, June 7, 1900, death of Patrick Kelly suggested, and on motion of L. B. Cook, Mary Kelly, mother of Charles Kelly, is substituted instead Patrick Kelly, deceased, as next friend, &c." The substitution was only of a next friend for the minor boy, to enable him to prosecute his suit. It affected the case only as it would have been affected by the substitution of anyone else as the next friend of the boy, and it could not have been for any other purpose. Mrs. Kelly, as the widow of Patrick Kelly and in her individual capacity, could not have been substituted as the personal representative of the deceased, who had sued for himself, and, as stated, there was no place for her on the record to sue in her own right, because she had no cause of action against the appellant. But she did not even attempt to get on the record as the plaintiff in her own right, and yet there is a judgment for her in such right. It must be and is now reversed. The judgment for the son, Charles H. Kelly, is affirmed.