## Adams v. Louisville & Nashville Railroad Company.

(Decided March 20, 1913.)

### Appeal from Fleming Circuit Court.

Infants—Injury of—Loss of Services—Failure of Father to Bring Action For—Mother Cannot Maintain Action After Death of Father.—Where an infant son is injured, and his father, who was then living, brings no action to recover for loss of services, the mother cannot maintain an action for loss of services after the death of the father.

C. B. MORFORD, B. S. GRANNIS for appellant.

O. R. BRIGHT, BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Eva Adams brought this suit against the Louisville & Nashville Railroad Company, alleging in her petition that her infant son, E. V. Adams, was injured by the negligence of the defendant's servants on April 25, 1910, and again on December 17, 1910, whereby she had lost his services; that her husband, Ollie Adams, was living at the time her son was injured, and that he died on February 7, 1911. She sought no recovery for the injury which occurred on December 17, 1910, or for the time elapsing from April 25, 1910, to February 7, 1911, the date of the. death of her husband. The defendant demurred to the petition, its demurrer was sustained and the plaintiff declining to plead further, the petition was dismissed.

We have heretofore sustained a recovery by the son for his injuries. (L. & N. R. R. Co. v. Adams, 148 Ky., 513.) The question presented now for determination is may the mother maintain an action to recover for the loss of services of the son after the death of the father, the injury having occurred on April 25, 1910, and the father having died on February 7, 1911? The son was born in the year 1892, and will not be of age until 1913. The precise question was before the Supreme Court of Georgia in King v. Southern R. R. Co., 8 L. R. A., N. S., 544. Refusing a recovery the court said:

"If a right of action accrues at all on account of a personal injury, it arises immediately upon the occur-

rence thereof. The damages may continue for years or be permanent in character, but the right to sue arises at once. This being so, and the father being in life at the time of the injury to his minor daughter, the right of action on account of the loss to him during her minority vested in him.''

Further on in the opinion the court, referring to a statute under which the mother has the custody of the children after the father's death, also said:

''She takes the custody of the child, however, as she finds it at the death of the father, and this statute gives no right of action on account of a prior personal injury to the child. It may seem to be somewhat of a hardship that an injured child may be left with the mother, upon the death of the father, and that she cannot sue for the previous injury to it, and the shortness of the time during which the father lived may make this view more striking, but we cannot change the law on account of sympathy.''

The same question was before the Supreme Court of Pennsylvania in Kelly v. Pittsburg Etc. Traction Company, 54 Atl. 482, 204 Pa., 623. In that case, refusing a recovery, the court said:

''The boy was not killed, but simply injured, and, in such a case the cause of action is in the father alone, as we have held, for reasons which need not be repeated here, in Fairmount & Arch Street Passenger Railway Company v. Stutler, 54 Pa., 375, and in Pennsylvania Railroad Co. v. Bantom, 54 Pa., 495. This cause of action was not split by the death of the father, and until the legislature gives the mother the right to sue in a case of injury to a minor child, caused by the negligence of another and not resulting in death, we cannot give it to her.''

The former opinions referred to fully sustain the statement of the court. They rest upon the ground that at common law the father might maintain an action to recover for his loss of services by reason of the injury of his infant child, and that this right of action, accruing to him when the injury occurs, is single.

The same conclusion was reached in Gerraghty v. New, 27 N. Y. Supp. 403. In that case the court said:

''The right of a parent to recover for injuries to a child is in an action for loss of services, and is based,

therefore, upon the supposed relation of master and servant, and not upon the relation of parent and child. (Kennedy v. Railroad, 35 Hun., 186.) Such right of action can only accrue to one who stands in the relation of master to the child when the wrong is inflicted. A person by whom the relation is subsequently assumed, or upon whom it subsequently devolves, cannot, of course, have such an action for the injury done, not to him, but to a former master. As the father was living when this child was injured, he only had the right of action against the wrongdoer, for his right alone was affected by the trespass. The right of the mother, a widow, to recover for the loss of services of her child does not exist unless the child resides with her and is supported by her at the time of the commission of the wrong which deprived her of its services. At common law the mother has not, like the father, a legal right to the services of a minor child, and there is consequently no ground for implying the relation of master and servant between them.''

The right of action vested in the father when the injury was done, and he could recover for the entire injury in an action brought for that purpose. If he had brought such an action and had recovered, certainly the mother could not have maintained a second action after his death. But the fact that he did not sue does not vest in the mother a right of action which vested in him. Were the rule otherwise, a succession of actions might be maintained in cases of this character.

Judgment affirmed.