# Di Meglio v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Infants—Boy playing on car—Contributory negligence—Case for jury.*

1. An infant is only chargeable with negligence if he has sufficient discretion and intelligence to appreciate the danger and avoid it.

2. A ten-year-old boy is not presumed to have sufficient capacity and understanding to be sensible of danger and to avoid it, but is beyond the age when it can be declared as a matter of law that he is immune from a charge of negligence.

3. In an action against a railroad company to recover damages for injuries sustained by a ten-year-old boy as the result of a collision between one of defendant's engines and a box car on which plaintiff was playing, it was error for the court to instruct the jury

that the plaintiff was not chargeable with negligence, and to refuse to submit such question to the jury.

Argued Jan. 18, 1916.   Appeals, Nos. 263 and 264, Jan. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1913, No. 4317, for plaintiff in case of Philip Di Meglio, by his father and next friend Giovanna Di Meglio v. Philadelphia & Reading Railway Company.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The facts appear in Di Meglio v. Philadelphia & Reading Ry. Co., 249 Pa. 319, and in the opinion of the Supreme Court.

Verdict for $500, for Giovanni Di Meglio, and $3,500 for Philip Di Meglio.   Defendant appealed.

*Error assigned,* among others, were the instructions to the jury, referred to in the opinion of the Supreme Court.

*William Clarke Mason,* for appellant.—The court erred in charging that the plaintiff was not chargeable with contributory negligence: Kelly v. Pittsburgh & Birmingham Traction Co., 204 Pa. 623; Sandford v. Hestonville, Mantua & Fairmount Pass. R. R. Co., 136 Pa. 84; Lodge v. Pittsburgh & Lake Erie R. R. Co., 243 Pa. 10; Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169; Finfrock v. Northern Central Ry. Co., 59 Pa. Superior Ct. 530.

*A. S. Longbottom,* of *Byron, Longbottom & Pape,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, February 14, 1916:

This case was here before on an appeal by the plain-

tiffs from judgment n. o. v. for the defendant, and we reversed the judgment and remitted the record that plaintiffs might have judgment on the verdict: Di Meglio v. Philadelphia & Reading Ry. Co., 249 Pa. 319. Judgment having been entered for the plaintiffs, the defendant has taken this appeal. The facts appear in the opinion filed in the former appeal.

We think the learned court below erred in its instructions to the jury that the boy was not chargeable with negligence, and in not submitting the question to the jury. The lad was almost ten years of age when the accident occurred which resulted in his injuries. He had not arrived at the age when he was presumed to have sufficient capacity and understanding to be sensible of danger and to avoid it, and had passed beyond the age when it could be declared by the court that he was immune from a charge of negligence. His negligence, therefore, was clearly a question of fact for the jury under proper instructions: Smith v. O'Connor, 48 Pa. 218; Strawbridge v. Bradford, 128 Pa. 200; Kelly v. Pittsburgh & Birmingham Traction Co., 204 Pa. 623. In submitting the question on the next trial, it is important that the attention of the jury be called to the fact that the plaintiff is an infant, and that he is only chargeable with negligence if he had sufficient discretion and intelligence to appreciate the danger and avoid it. This is the doctrine of all our cases. A child's capacity is the measure of his responsibility, and if he has not the ability to foresee and avoid danger to which he may be exposed, negligence will not be imputed to him if he unwittingly exposes himself to it: Philadelphia City Pass. Ry. Co. v. Hassard, 75 Pa. 367. The degree of care and discretion required to be exercised by him is such as is ordinarily to be expected of a child of his age and experience, and if so found to exist it imposes on him responsibility for his negligent acts. If, therefore, the plaintiff saw and appreciated the danger to which he was exposed when he and the other boys were playing on the

box car standing on the defendant's siding and knew how to leave the car and get to a place of safety before the collision occurred, he would be guilty of negligence which would defeat a recovery in this action.. The facts to impose or relieve from liability for the alleged negligent acts were, however, for the jury.

The third assignment of error is sustained. The other assignments need not be considered.

The judgment in each case is reversed and a new venire awarded.