## Stevenson v. Pennsylvania Railroad Company.

*Father and mother—Right of survivorship—Judgment for death of son—Employer's right to subrogation—Acts of June 7, 1911, June 7, 1917, and June 26, 1919.*

1. Under the Acts of June 7, 1911, P. L. 678, and June 7, 1917, P. L. 429, where a father and mother have recovered a verdict for damages for the death of their son, and the mother dies after the verdict, but before the judgment, the father is entitled to the entire judgment by right of survivorship.

2. The employer who paid compensation to the father is entitled to be repaid out of the verdict given to compensate for the same loss.

Rule to set aside, etc. C. P. Allegheny Co., Oct. T., 1920, No. 1213.

Before Macfarlane, Cohen and Carpenter, JJ.

*R. P. & M. R. Marshall,* for plaintiffs.

*Dalzell, Fisher & Dalzell* and *Frank K. Willmann,* for defendant.

MACFARLANE, J.—This action was brought by the plaintiffs, the parents of a son who, in the course of his employment for the International Oxygen Company, was killed by a train of the defendant company, and a verdict was recovered for $3500 on Oct. 4, 1923. Dec. 26, 1923, Hannah M. Stevenson died, leaving the other plaintiff surviving. Dec. 28th judgment was entered on the verdict.

Afterwards, the International Oxygen Company filed a petition to intervene and have the sum of $1173.85 set aside to its use and paid to it out of the judgment, that sum having been paid by it to John A. Stevenson as compensation awarded by the Workmen's Compensation Board.

The order permitting the intervention was made, but later the present rule to set it aside and vacate it was obtained.

By the Act of June 7, 1911, P. L. 678, the right of recovery was in the parents, and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy. By the Act of June 7, 1917, § 8, P. L. 429, the personal estate of the son "shall go to and be vested in the father and mother of such intestate; or, if either the father or mother be dead at the time of the death of the intestate, the parent surviving shall take said real and personal estate."

The award of the Compensation Board was under the Act of June 26, 1919, § 2, par. 5, P. L. 642. "If there be neither widow, widower nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employee at the time of the accident." The earlier act made the award payable to the father and mother or the survivor of them, and there can be no question that the payment to the father here was right. The sum recovered does not go to the parents under the intestate law. The action is joint and the recovery is joint, and is for the benefit of both parents. "Both parents are grouped among the persons entitled to recover damages, and, by necessary implication, the same damages or damages estimated by a common standard:" Pennsylvania R. R. Co. *v.* Bantom, 54 Pa. 495. They must show what the loss was to them, and if one had died, the survivor shows his or her loss. While the statutes differ, the underlying reason for the right to sue in tort as given by statute and that of compensation given by the Compensation Act is the same, viz., that the parent or parents have lost the son's services.

We cannot believe, and we do not believe, that the right of subrogation should be administered on narrow technical grounds as to whether there was a right of survivorship after verdict, and we need not consider whether the

fact that Mrs. Stevenson died before and not after judgment makes any difference. The plain purpose of the law is that an employer who pays compensation shall be repaid out of a verdict given to compensate for the same loss.

*Order.*

June 17, 1924, the rule to set aside and vacate the order permitting the International Oxygen Company to intervene and have $1173.85 set aside to its use and paid to it out of the judgment is discharged.

From William J. Aiken, Pittsburgh, Pa.