## Parker v. Ryan

*D. Quinlan* and *P. W. Casey*, for plaintiffs.
*W. Koch*, for defendants.

KNIGHT, P. J., January 15, 1957. — Joseph A. Parker, Jr., is a minor child of Joseph A. Parker, Sr.

On May 12, 1956, a scooter owned and operated by Joseph A. Parker, Jr., collided with a motor vehicle owned by Frank Ryan and operated by his agent Terry Ryan.

Plaintiffs brought this action and in the complaint filed we find two counts.

In the first count, the son claims through his guardian damages for the pain and suffering he endured because of the injuries sustained in the accident.

In the second count, the father claims for medical expenses he incurred in having his son treated for his injuries and for the loss of earnings of his son.

Defendants filed a petition on which a rule was allowed to show cause why the cases should not be severed so that the minor son could be brought in as an additional defendant in the father's case.

A responsive answer was filed and the case argued before the court en banc.

The rule must be discharged. The father's action is derivative, he can only recover through his son and if the son is guilty of contributory negligence, the father cannot recover. There is a dearth of cases on this point, but the law as it exists in this State is set forth in the Pennsylvania annotation of §494 of the Restatement of The Law of Torts as follows:

"The contributory negligence of a minor child which bars its own recovery also bars the parents' recovery for medical expenses and loss of the child's earnings during minority. This rule is constantly accepted as settled law in Pennsylvania. Curiously enough, no case has been found which specifically states it, but in the cases in which the courts have found that a child was guilty of contributory negligence the court has, without discussing the question of imputing the child's negligence to the parent, denied recovery both to child and to parent, as, for example, in Rice v. Kring (1933) 310 Pa. 550, 165 A. 833. In cases in which the courts

consider the child's contributory negligence as a jury question, it is likewise assumed that where such negligence is found any recovery whatever against the defendant is barred. See, for example, DiMeglio v. Philadelphia & R. R. Co. (1916) 252 Pa. 391, 97 A. 476, and Tomasak v. Boro. (1930) 98 Pa. Super. Ct. 473."

And now, January 15, 1957, the rule is discharged.