## Hutchins *v.* Plymouth Township, Appellant.

*Negligence—Townships—Highways—Evidence—Case for jury.*

While driving in a sleigh over a road in defendant township, plaintiff ran against a stone which projected about seven inches above the bed of the highway, resulting in an accident causing him personal injuries. Several witnesses for plaintiff testified that the obstruction in the road had existed for two or three years. He testified that he had no knowledge of the existence of the stone; that only an inch and a half of it protruded above the snow; that as he approached it there were teams on either side of the road, and it was necessary to be on the lookout to avoid collision with them. *Held,* the questions of the negligence of the defendant and the contributory negligence of the plaintiff were for the jury.

Argued April 15, 1913. Appeal, No. 123, Jan. T., 1913, by the Township of Plymouth, from judgment of C. P. Luzerne Co., March T., 1909, No. 623, on verdict for plaintiff in case of Morgan Hutchins v. The Township of Plymouth and Larksville Borough. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of the court to direct a verdict for defendant, and to enter judgment for defendant n. o. v.

*John McGahren,* with him *M. J. Mulhall* and *D. P. Reese,* for appellant.

*Arthur H. James,* with him *Frank A. McGuigan,* for appellee.

PER CURIAM, May 19, 1913:

While driving in a sleigh over a road in the Township of Plymouth, the appellee ran against a stone which projected about seven inches above the bed of the highway, and this appeal by the township is from the judgment he recovered for the injuries he sustained. The negligence of the township was clearly for the jury, for several witnesses testified that the obstruction in the road had existed for two or three years. The main defense was the contributory negligence of the plaintiff, but this could not have been taken from the jury. He testified that he had no knowledge of the existence of the stone, and only about one inch and a half of it protruded above the snow. As he approached it there were teams on either side of the road, and it was necessary for him to be on the lookout to avoid collision with them. But for this, he might have seen the projecting stone; but whether he was bound to see it under the circumstances, was a question for the jury. The complaint of the inadequacy of the charge is without merit, especially as the learned trial judge, at the conclusion of it, asked whether either side desired further instructions.

The assignments are overruled and the judgment is affirmed.