Jacob Pletcher, Appellant, *v.* Scranton Traction Company.

185  147
198  640

185      147
211       51

185      147
f212      612

185   147
225    37

*Negligence—Street railway—Running in front of car.*

In an action against a street railway company to recover damages for the death of a boy twelve years old, a nonsuit is properly entered where the evidence shows that the deceased, while playing with other boys upon the street at the time of the accident, ran upon one of the railway tracks without paying any attention to the approach of a car, a few feet away, and then, hearing a shout from some companions, stopped, looked in the wrong direction, and was struck by the car.

Argued Feb. 23, 1898.    Appeal, No. 400, Jan. Term, 1897, by plaintiff, from order of C. P. Lackawanna Co., May T., 1897, No. 472, refusing to take off nonsuit.    Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the death of a son twelve years old.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, in the following opinion by ARCHBALD, J.

That the car by which the plaintiff's son was killed was running at a high and possibly negligent rate of speed may for the present be conceded; the distance which it ran before it could be stopped would go to prove this, if there were nothing else: Dunseath v. Traction Co., 161 Pa. 124.    But unless this was the proximate cause of the accident, or was a material factor in it, the defendant, notwithstanding, is not liable: Goshorn v. Smith, 92 Pa. 435.

The testimony of Frank Jackson establishes clearly how the accident occurred.    Four or five boys, of whom the deceased was one, were chasing each other along the street on the way home from school.    About at the point where the accident occurred, they turned off from the sidewalk, across the street and car track, at an angle.    Two of the boys who were considerably in advance of the others had reached the opposite side, when

the Pletcher boy, closely followed by young Jackson, started across also.   They apparently took no account of the coming car, and did not, in fact, observe it.   It was so close upon them, however, that when young Pletcher ran onto the track it must have been but a few feet away.   Young Jackson says he just saw it himself in time to turn aside as it shot by, and that Pletcher was but five or six feet ahead of him.   He called to him to look out for the car, and as he did so Pletcher stopped, but looked in the opposite direction from that in which the car was coming.   Another instant, and in all probability he would have been across and out of danger; but stopping as he did, the car struck him and he was killed.   There is no dispute over these facts, and it is evident from them that the boy darted in front of the car when it was so close upon him that stopping as he did it was inevitable that he should be struck.   The excessive speed of the car had nothing to do with the matter.   For all that we can see it would have occurred had the car been running at an entirely safe and proper rate.   The case is not to be distinguished from Funk v. Traction Co., 175 Pa. 559.   There is no difference in principle between running into a moving street car and running directly in front of it.   The case is not like that of Woeckner v. Motor Co., 176 Pa. 451.   The child there was of tender years playing between the side of the street and the car track; but the boys here were of such size and age as to warrant the belief that they would not heedlessly run into danger.   The suggestion that they formed a procession across the street, of which the motorman was bound to take notice, is highly imaginative.

The rule to take off the nonsuit is discharged.

*Error assigned* was refusal to take off nonsuit.

*I. H. Burns,* with him *Frank T. Okell,* for appellant.—When material facts are disputed, or inferences of facts are to be drawn from the testimony, the case is for the jury: Wilson v. Penna. R. R., 177 Pa. 512; Evers v. Traction Co., 176 Pa. 376; Woeckner v. Motor Co., 176 Pa. 451.

Either excessive speed or failure to stop the car, or both, are negligence: Thatcher v. Traction Co., 166 Pa. 68; Haney v. Traction Co., 159 Pa. 398; Harkins v. Traction Co., 173 Pa.

149 ; Smith v. Traction Co., 3 Pa. Superior Ct. 129 ; Beard v. Pass. Ry. Co., 3 Pa. Superior Ct. 171.

*W. H. Jessup* and *W. H. Jessup, Jr.*, for appellee, were not heard, but cited in their printed brief : Funk v. Electric Traction Co., 175 Pa. 559; Chilton v. Central Traction Co., 152 Pa. 425 ; R. R. v. Spearen, 47 Pa. 300 ; Hestonville Pass. Ry. v. Connell, 88 Pa. 520 ; R. R. v. Schwindling, 101 Pa. 258 ; Schnur v. Citizens' Traction Co., 153 Pa. 29 ; Fleishman v. R. R. 174 Pa. 510 ; Flanagan v. People's Pass. Ry., 163 Pa. 102 ; Kline v. Traction Co., 181 Pa. 276 ; Moss v. Phila. Traction Co., 180 Pa. 389.

PER CURIAM, March 21, 1898 :

Without assenting to all that was said by the learned president of the court below in his opinion refusing to take off the judgment of nonsuit, we are satisfied as to the substantial correctness of his conclusion.   It was of course incumbent on the plaintiff to prove that the proximate cause of the sad accident, in which his son lost his life, was negligence of the defendant company's motorman.   We are not satisfied that the testimony on which he relied for that purpose was sufficient to have justified the learned trial judge in submitting the question of the motorman's negligence to the jury.

Failing to find any error in the record, the judgment is affirmed.