McKee *v.* Harrisburg Traction Company, Appellant.

*Negligence—Proximate and remote cause—Unforeseen consequences.*

When an act is clearly negligent, one may be held liable for its unforeseen consequences, however remote, which follow in the natural sequence of events; but an act cannot be held to be negligent when there is no reasonable ground for supposing that it would cause injury to anyone.

*Negligence—Sudden and unexpected duty—Notice.*

Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to comprehend the situation and act according to the exigency.

*Negligence—Street railways—Use of electricity.*

The use of electricity as a motive power by street railway companies has increased the danger to all persons using city streets, and of this danger they must take notice. Rapidity of transit is no longer a mere convenience to the traveler, it has become a matter of vital interest to the general business of the community.

*Negligence—Street railways—Speed of car—Sudden emergency—Bicycle.*

In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff was riding in the daytime a bicycle on a street on which the defendant operated an electric railway. Behind him a man was riding a horse at a slow trot and leading another horse, for the purpose of accustoming them to the electric cars. Fearing injury by the horses the plaintiff turned aside and allowed them to pass by him, and then followed twenty or twenty-five feet behind them. When about the middle of the block the led horse showed some evidence of fright at an electric car which approached from the opposite direction, and as the car was about to pass or in the act of passing it turned towards the curb and blocked the passage between the curb and the car tracks. The plaintiff, to avoid running into the horse, rode towards the track. When close to it he saw an open summer car approaching and within twenty feet of him. He then attempted to turn and ride between the car and the horses. He did not get far enough from the track, and the front wheel of his bicycle was struck by the running board of the car. The plaintiff did not see the car until he was within six inches or a foot of the track and approaching it. Until this time the motorman had no opportunity to see him because he was behind the horses. When the horse shied the motorman turned off the

power and as he passed the horses he had his hand on the brake and was watching them to see whether they were under control. The only matter of dispute at the trial was as to the rate of speed of the car. In regard to this there was a difference of opinion, but there was testimony tending to show that the car was running fifteen or twenty miles an hour. *Held,* that there was not sufficient negligence on the part of the defendants to submit to the jury.

Argued Jan. 19, 1905. Appeal, No. 3, May T., 1904, by defendant, from judgment of C. P. Dauphin Co., June T., 1903, No. 487, on verdict for plaintiff in case of James T. McKee v. Harrisburg Traction Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WEISS, P. J.

The particulars of the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Charles L. Bailey, Jr.,* with him *Le Roy J. Wolfe,* for appellant, cited: McCracken v. Traction Co., 201 Pa. 378; Moser v. Traction Co., 205 Pa. 481; Gould v. Traction Co., 190 Pa. 198; Thane v. Traction Co., 191 Pa. 249; Davison v. Traction Co., 10 Pa. Superior Ct. 442; Yingst v. Ry. Co., 167 Pa. 438; Smith v. Holmesburg, etc., Electric, Ry. Co., 187 Pa. 451.

*W. M. Hargest,* of *Hargest & Hargest,* for appellee, cited: Oehmler v. Pittsburg Railroad Co., 25 Pa. Superior Ct. 617; Malone v. R. R. Co., 152 Pa. 390; Cannon v. Traction Co., 194 Pa. 159; Ayers v. Ry. Co., 201 Pa. 124; Hookey v. Oakdale Borough, 5 Pa. Superior Ct. 404; Shaughnessy v. Traction Co., 17 Pa. Superior Ct. 588; Quinn v. Electric Ry. Co., 7 Pa. Superior Ct. 19; Wood v. R. R. Co., 177 Pa. 306: Quinlan v. Phila., 205 Pa. 309; Yoders v. Amwell Twp., 172 Pa. 447; Thatcher v. Traction Co., 166 Pa. 66; Sturgis v. Kountz, 165 Pa. 358; Penn. R. R. Co. v. Hope, 80 Pa. 373.

OPINION BY MR. JUSTICE FELL, March 6, 1905 :

On a Sunday afternoon in July the plaintiff was riding on a bicycle on a street in Harrisburg on which the defendant's electric cars ran. Behind him a man was riding a horse at a slow trot and leading another horse, for the purpose of accustoming them to the electric cars. Fearing injury by the horses the plaintiff turned aside and allowed them to pass by him, and then followed twenty or twenty-five feet behind them. When about the middle of the block the led horse showed some evidence of fright at an electric car which approached from the opposite direction, and as the car was about to pass or in the act of passing it turned towards the curb and blocked the passage between the curb and the car tracks. The plaintiff, to avoid running into the horse, rode towards the track. When close to it he saw an open summer car approaching and within twenty feet of him. He then attempted to turn and ride between the car and the horses. He did not get far enough away from the track, and the front wheel of his bicycle was struck by the running board of the car. The plaintiff did not see the car until he was within six inches or a foot of the track and approaching it. Until this time the motorman had no opportunity to see him because he was behind the horses. When the horse shied the motorman turned off the power and as he passed the horses he had his hand on the brake and was watching them to see whether they were under control. The only matter of dispute at the trial was as to the rate of speed of the car. In regard to this there was the usual difference of opinion, but there was testimony tending to show that the car was running fifteen or twenty miles an hour.

Three grounds of negligence were alleged: That the car was not equipped with suitable appliances for stopping it; that it was in charge of a motorman known to the defendant's officers to be habitually careless; that the excessive speed of the car frightened the horses and prevented the plaintiff from escaping from his perilous position behind them. Of the first two there was no proof and we find nothing in the testimony in relation to the third that would warrant a finding by the jury that the accident was caused by the motorman's negligence. The car was running rapidly. It is intended that electric street cars should run rapidly. The use of electricity as a motive

power by street railway companies has increased the danger to all persons using city streets and of this danger they must take notice. " Rapidity of transit is no longer a mere convenience to the traveler, it has become a matter of vital interest to the general business of the community: " Thane v. Traction Co., 191 Pa. 249. The car was at the middle of the block with a clear track and it was not shown that its speed was improper. Aside from the merest conjecture of two or three witnesses, there was nothing in the case from which it could be inferred that the speed caused the horses' fright. But if we assume that a rapidly moving car is more likely to frighten a horse than a slowly moving one, there was nothing to indicate to the motorman that the high speed might be a danger to anyone. The horses had been brought to the street frequently before to train them, and on these occasions he had not been signaled to slow up as he passed them. Neither he nor the man in charge of the horses apprehended any trouble from them, but to guard against the possibility of it he watched the horses' actions and turned off the power, keeping his hand on the brake so as to be able readily to control the car. The accident cannot be attributed to the speed of the car unless we assume that the speed caused the horses' fright and prevented the plaintiff's escape after he had committed the mistake of getting too near the track. If we accept both of these assumptions the defendant cannot be held liable unless we further assume that the motorman should have anticipated what had not before occurred, the fright of the horse and the blocking of the passageway, and that some one riding close behind the horse would turn towards the track instead of stopping or turning toward the curb. This would be the building up of a case by assumption and inference instead of by the affirmative proof of negligence which the law requires. True, when an act is clearly negligent one may be held liable for its unforeseen consequences, however remote, which follow in the natural sequence of events. But an act cannot be held to be negligent when, as in this case, there was no reasonable ground for supposing that it would cause injury to anyone.

There was no negligence on the part of the motorman in not sooner stopping the car. He had no chance to stop it. If the speed was that testified to by the plaintiff's witnesses, the

collision occurred in less than a second after he could have seen the plaintiff. Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to comprehend the situation and act according to the exigency: Hestonville, etc., Pass. Railroad Co. v. Kelly, 102 Pa. 115; Phillips v. Railway Co., 190 Pa. 222. In Funk v. Traction Co., 175 Pa. 559, a boy ran diagonally across the street and suddenly came in contact with a rapidly moving car. It was said in the opinion: "It was not the speed of the car that caused the injury, but the sudden and unexpected act of the plaintiff in running against the car, if such were the fact, that occasioned the accident. There was not opportunity to guard against it, and hence no breach of duty." Kline v. Traction Co., 181 Pa. 276; Pletcher v. Traction Co., 185 Pa. 147; Miller v. Traction Co., 198 Pa. 639, and many other cases, in which children suddenly ran in front of or against rapidly moving cars, were decided on the same ground.

The eighth assignment of error is sustained and the judgment is reversed, and judgment is now entered for the defendant.