# Meyers, Appellant, *v.* Central Railroad Company of New Jersey.

*Negligence—Railroads—Crossings—Signals—" Stop, look and listen."*

In an action by a boy thirteen and one-half years old against a railroad company, to recover damages for personal injuries sustained at night at a railroad crossing, while the boy was sledding, there was evidence that the engine which struck the boy approached the crossing, running backward, without giving any warning in any way of its approach. The crossing was a dangerous one by reason of obstructions to the view of the track, and it was ordinarily protected by a watchman and safety gates. Neither of these precautions was in use at the time of the accident. There was evidence from which it might be fairly inferred that the boy might have stopped his sled or turned it to one side before reaching the track, had any warning of the approach of the train been given. *Held,* that the question of the defendant's negligence and plaintiff's contributory negligence was for the jury.

Argued April 15, 1907. Appeal, No. 282, Jan. T., 1906, by plaintiff, from order of C. P. Luzerne Co., Feb. T., 1900, No. 68, refusing to take off nonsuit in case of Joseph Meyers by his next friend and mother, Josephine Meyers, v. the Central Railroad Company of New Jersey. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WHEATON, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James H. Shea* and *Edward A. Lynch,* with them *Joseph F. Shea,* for appellant.

*A. H. McClintock,* with him *Arthur Hillman* and *Henry W. Palmer,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 20, 1907:

The trial judge in this case, while conceding the negligence of the defendant company, in failing to sound a bell or blow a whistle or give any warning when approaching a crossing after

night, was unable to see that the negligence alleged could have been the proximate cause of the injury to the plaintiff. We cannot understand why he should have had any difficulty upon this point. There is evidence to show that the crossing was a dangerous one by reason of obstructions preventing a view of the track and trains running upon it, and that at the time of the injury here complained of the engine approached this crossing after night, running backward, without giving warning in any way of its approach. The plaintiff, a boy thirteen and a half years of age, was coasting upon the public highway, and was struck at the crossing. It seems from the evidence that there was a considerable stretch of level ground to be crossed before the track was reached, and it is a fair inference for the jury that the boy might have stopped his sled, or turned it to one side, before reaching the track, had any warning of the approach of the train been given. The failure of the defendant to give this warning was something from which injury or accident might naturally and reasonably have been anticipated under the circumstances. The crossing was one which was ordinarily protected by a watchman and safety gates. Neither of these precautions was in use at the time of the accident, and it was, therefore, all the more imperative that some warning should come from the approaching train. It is a natural and reasonable inference that the failure to give this warning was what made the collision and injury possible, and even probable, and that if the warning had been given, it may also be presumed that the accident and injury would not have occurred. If the evidence tending to establish the negligence complained of is to be credited, there can be no question as to its being the proximate or direct cause of the injury.

The question of whether or not the plaintiff, under all the circumstances, exercised such care and diligence to avoid the danger as was to be expected of a reasonably careful and prudent person under the circumstances, was also for the jury to determine. He was certainly not, as a matter of law, to be held by the court as chargeable with contributory negligence. The law governing this feature of the case is summed up by our Brother Brown in Kelly v. Traction Co., 204 Pa. 623.

The judgment is reversed with a procedendo.