# Feldman *v.* Riccordino, Appellant.

*Negligence—Obstruction of street—Coasting on street—Contributory negligence—Case for jury.*

1. Coasting upon a street which is not put to much public use, when not expressly prohibited by ordinance, is not necessarily a nuisance, nor is it an unlawful act, nor is it per se negligence.

2. When under the undisputed facts coasting upon a street is clearly and manifestly dangerous it may be the duty of the court to so declare as matter of law. But where the evidence is conflicting and the inferences to be drawn from it are not clear, the question whether a plaintiff has exercised such care and diligence to avoid danger, while coasting, as was to be expected of a reasonably careful and prudent person under such circumstances, is for the jury.

3. In an action by a boy to recover damages for personal injuries sustained while coasting in a city street, the question of defendant's negligence and plaintiff's contributory negligence is for the jury, where it appears that the accident happened at a point in the street where the defendant had for at least one month maintained, contrary to ordinance, in the cartway of the street, a pile of scrap iron, that the iron at the time was partly covered with snow, that at this point children were in the habit of coasting, and the evidence is conflicting as to whether a light had been placed upon the obstruction, and also as to whether the plaintiff had knowledge of the existence of the obstruction.

Argued April 30, 1914. Appeals, Nos. 147 and 148, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 2,773, on verdict for plaintiffs in case of Harry Feldman, a minor, by his next friend and father, John Feldman, and John Feldman in his own right v. Antonio Riccordino. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

At the trial it appeared that the plaintiff, a boy sixteen years old, was injured while coasting at night on Webster avenue in the city of Pittsburg. The cir-

cumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for John Feldman for $221 and for Harry Feldman for $850. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant, and (2) refusal to grant a new trial.

*John E. Winner,* with him *John D. Brown,* for appellant.—There was no evidence of negligence: Hunter v. Wanamaker, 2 Atl. Repr. 507; Reidenauer v. McMahon, 240 Pa. 179; City of Allegheny v. Zimmerman, 95 Pa. 287; Cage v. Franklin Twp., 11 Pa. Superior Ct. 533.

Plaintiff was guilty of contributory negligence: Reusch v. Licking Rolling Mill, 118 Ky. 369; Eastburn v. United States Express Co., 225 Pa. 33; Decker v. East Washington Boro., 21 Pa. Superior Ct. 211; Robb v. Connellsville Boro., 137 Pa. 42; Mueller v. Ross Twp., 152 Pa. 399; Dwyer v. Port Allegheny Boro., 216 Pa. 22.

*Abram C. Stein,* with him *A. C. Teplitz,* for appellees.—The facts negative appellant's contention that plaintiff's conduct was the proximate cause, for they show that the accident would not have occurred but for the presence of the junk pile in the street: Oakland Railway Company v. Fielding, 48 Pa. 321; Shenandoah Borough v. Erdman, 21 W. N. C. 553; Meyers v. Central R. R. Co. of N. J., 218 Pa. 305.

In crowded cities the use of the streets for pleasure, and sometimes even for the promotion of health, may be regarded as a public necessity. This is especially applicable to children in congested cities: Chicago v. Keefe, 114 Ill. 222; Beaudin v. Bay City, 136 Mich. 333; Waverly City v. Reeser, 93 Ill. App. 649; Penrose v. Fehr, 113 Mich. 517; Townley v. Huntington City, 70 S. E. Repr. 368; Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Addis v. Hess, 29 Pa. Superior Ct. 505.

And recovery has been allowed even where the chil-

dren were actually or technically trespassers: Hydraulic Works Co. v. Orr, 83 Pa. 332; Duffy v. Sable Iron Works, 210 Pa. 326; Walsh v. Pittsburg Railways Co., 221 Pa. 463; Daltry v. Media Electric Light, etc., Co., 208 Pa. 403; Mullen v. Wilkesbarre Gas & Electric Co., 229 Pa. 54, affirming 38 Pa. Superior Ct. 3.

Coasting is not a nuisance and negligence per se barring the coaster from recovery: Lynch v. Public Service Ry. Co., 82 N. J. L. 712; Burford v. Grand Rapids City, 53 Mich. 98; Faulkner v. Aurora, 85 Ind. 130; Farrington v. Cheponis, 84 Conn. 1; Strutzell v. St. Paul City Ry. Co., 47 Minn. 543.

OPINION BY PORTER, J., July 15, 1914:

This is an action of trespass to recover for personal injuries to Harry Feldman, a minor sixteen years of age, who in this action was represented by his father and next friend, the latter also suing in his own right. The plaintiffs recovered verdicts and judgments in the court below and the defendant appeals. Young Feldman was injured, in January, 1912, while coasting upon a street of the city of Pittsburg, by coming into collision with a large pile of iron and junk which the defendant had maintained in the street for at least one month prior to the accident. There are in this appeal but two assignments of error, one referring to the refusal of the court to give binding instructions in favor of the defendant, and the other to the refusal of a new trial.

The accident happened on a Sunday evening, and the evidence would have warranted a finding that there was at that time no traffic upon the roadway of the street in question, and that the boys while engaged in coasting were able to control the motion of the sled where other highways crossed the street in question. The evidence would have warranted a finding that the street at this particular locality had been very generally used by boys and children for coasting during the winter for many years. There was no ordinance of the city

forbidding the use of this street for coasting purposes, and the practice was not interfered with by the police authorities. There was in this case no evidence which would have warranted the court in declaring as matter of law that the character of the street and the highways which it crossed or into which it led was such as to render the practice of coasting in the locality dangerous and indulgence in the pastime negligence per se. Coasting upon a street which is not put to much public use, when not expressly prohibited by ordinance, is not necessarily a nuisance, nor is it an unlawful act, nor is it per se negligence: Burford v. City of Grand Rapids, 53 Mich. 98; Faulkner v. City of Aurora, 85 Ind. 130; Lynch v. Public Service Railway Co., 82 N. J. L. 712; Farrington v. Cheponis, 84 Conn. 1; Strutzell v. St. Paul City Ry. Co., 47 Minn. 543. When under the undisputed facts coasting upon a street is clearly and manifestly dangerous it may be the duty of the court to so declare as matter of law. But where the evidence is conflicting and the inferences to be drawn from it are not clear, the question whether a plaintiff has exercised such care and diligence to avoid danger, while coasting, as was to be expected of a reasonably careful and prudent person under such circumstances, is for the jury: Meyers v. Central R. R. Co. of N. J., 218 Pa. 305.

The evidence in this case would have warranted a finding that this defendant had for at least one month maintained in the cartway of the street a pile of scrap iron, including an old steam boiler and lot of old pipe, with other material, which extended from the curb a distance of ten or twelve feet across the cartway, the entire width of the cartway being only twenty-nine feet. This was not only in direct violation of the provisions of an ordinance of the city, but it was unlawful and a nuisance at common law. That the defendant had so maintained this obstruction in the highway was admitted at the trial, and the only question seriously in dispute, under the evidence, was whether a light

had been placed upon this obstruction upon the night in question. There was a conflict of evidence as to whether the defendant, or his employees, had placed a light upon the obstruction. There was also conflicting testimony as to whether the plaintiff who was injured had knowledge of the existence of the obstruction, or had passed it at an earlier hour on the same evening. The learned judge of the court below instructed the jury that if the defendant, or his agent, had placed a light upon the obstruction on the evening in question, the plaintiff was not entitled to recover; he also instructed the jury that if the plaintiff was aware of the existence of the obstruction he was not entitled to recover. The plaintiff and two other witnesses had testified that there was no light upon the obstruction, and he and another witness had testified that the plaintiff had not seen the obstruction prior to the time he went down the street on his sled and was injured, and that he had not passed the point at an earlier hour that evening. The defendant called a number of persons whose testimony contradicted that of the plaintiff and his witnesses. The testimony upon these material questions being conflicting, it was necessary that it be submitted to the jury. If this defendant had failed to place a light upon the obstruction which he was unlawfully maintaining in the street, those facts certainly warranted a finding by the jury that he was guilty of negligence, particularly when the character of the obstruction was partially concealed by snow which had recently fallen: Munley v. Sugar Notch Boro., 215 Pa. 228; Hutchins v. Plymouth Township, 241 Pa. 141; Curry v. Erie City, 209 Pa. 283; Collins v. Philadelphia, 227 Pa. 121. The evidence in the case would not have warranted the court in declaring, as matter of law, that the plaintiff was guilty of contributory negligence, unless he had previous knowledge of the existence of the obstruction which caused his injury. The case was, therefore, one in which the jury must pass upon the

question of the negligence of the defendant and the contributory negligence of the plaintiff, and the court properly refused the request of the defendant for binding instructions in his favor.  The first specification of error is dismissed.

The remaining specifications of error refer to the refusal of the court below to grant a new trial.  The principal reason advanced for the new trial below, and most urgently pressed upon us here, is that the verdict was against the weight of the evidence.  The testimony was conflicting, and, though to our mind it might fairly have led the jury to a different conclusion on the questions of the defendant's negligence and the contributory negligence of the boy, these were questions of fact for the determination of the triers of facts, and not for the court: Kelly v. Traction Co., 204 Pa. 623.  The action of the court in refusing a new trial is only to be reversed when an abuse of discretion by that court is made to clearly appear.  We find nothing in the present case which would warrant us in convicting the court below of an abuse of the discretion with which it was invested, and the specifications of error are overruled.

The judgment is affirmed.