# Idell *v.* Day, Appellant.

*Negligence—Automobile—Collision between sled and automobile
—Automobile on wrong side of road—Light on sled—Nuisance—
Act of June 12, 1919, P. L. 451.*

1. Coasting on a public street which is not put to extended public use, and not expressly prohibited by ordinance, is not necessarily a nuisance or negligence per se.

2. Where, under the undisputed facts, coasting upon a street is clearly and manifestly dangerous, it may be the duty to so declare as a matter of law.

3. Where, however, the evidence is conflicting, and the inferences to be drawn are not clear, the question whether plaintiff has exercised care and diligence while coasting, such as to be expected of a reasonably careful and prudent man under like circumstances, is for the jury.

4. A hand sled is not a vehicle within the contemplation of the Act of June 12, 1919, P. L. 451, which requires at least one white light from one hour after sunset until one hour before sunrise.

5. The absence of such light is, moreover, not such lack of ordinary care as would justify the court in declaring it contributory negligence as a matter of law, preventing recovery.

Mr. Justice SCHAFFER dissented.

Argued January 9, 1922. Appeal, No. 30, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1920, No. 4672, on verdict for plaintiff, in case of Clarence Idell, a minor, by his next friend and father, Morris Idell, and Morris Idell, in his own right, v. Elbert O. Day. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries to a boy seventeen years of age. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Clarence Idell for $4,000, and for Morris Idell for $650. Defendant appealed.

1922.]     Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1) refusal of instructions for defendant, and (2) refusal of defendant's motion for judgment n. o. v., quoting the record.

*Lincoln L. Eyre,* for appellant.—There is no evidence whatever of any negligence on part of appellant and case should therefore not have been submitted to jury: Eastburn v. Express Co., 225 Pa. 33; Wetherill v. Showell, Fryer & Co., 264 Pa. 449; Hoff v. Ward Baking Co., 70 Pa. Superior Ct. 235; McKee v. Tract. Co., 211 Pa. 47; Hestonville, etc., Pass. R. R. v. Kelly, 102 Pa. 115; Phillips v. Ry., 190 Pa. 222.

*M. J. McEnery,* for appellee, cited: Feldman v. Riccordino, 58 Pa. Superior Ct. 114; Reaney v. Jones, 75 Pa. Superior Ct. 355; Stubbs v. Edwards, 260 Pa. 75; Cristner v. Coal Co., 146 Pa. 67; Hardie v. Barrett, 257 Pa. 42.

OPINION BY MR. JUSTICE KEPHART, February 6, 1922:

This is an action of trespass for personal injuries to Clarence Idell, a minor of seventeen. The accident happened on the evening of January 23, 1920, at about 10 o'clock, while young Idell, in company with eight others, all minors, was sled riding on a roadway in Germantown known as Lincoln Drive. Their sled collided with defendant's automobile. Verdicts for the minor and father were recovered in the court below, but, as appellant took but one appeal, instead of two, which the law requires, he was compelled to elect which judgment he would contest; by paper filed, he abandoned his objection to the father's judgment, and assigned as error to that of the minor the refusal of the court to give binding instructions in favor of defendant.

Lincoln Drive, in the suburban section, is an eighty-foot wide street, fifty feet from curb to curb, with fifteen-foot sidewalks. The houses are built back twenty-five feet from the house-line, and, at Carpenter Street,

where it intersects Lincoln Drive, there is an unobstructed view down the latter for at least 800 feet. The occupants of the sled had come some distance before reaching the scene of the accident, which was 300 feet south of Carpenter Street, on the right side of the road. Here there is little or no grade, and the sled was merely drifting, its momentum having been spent in the distance passed over, beyond which, as the boys described it, the hill was steeper and the coasting better. When they reached Carpenter Street, going south, they were traveling possibly from five to eight miles an hour, and the automobile could be seen coming north upon the right side of the road, the sled being on its proper side,—eight to ten feet from the west curb-line of the road. There were no lights on the sled, but warning from a klaxon horn was sounded by the boys at all crossings, or whenever necessary to attract the attention of pedestrians who happened to be on the highway. There was an arc light at Carpenter Street and gas lamps along the sides of Lincoln Drive,—one immediately at the place of the accident. From the evidence it appeared the night was clear enough that the persons on the drive could be seen for a distance of from 800 to 1,000 feet.

The sled continued past Carpenter Street, and was between the latter and West View Street, going about as fast as a man could run, on the proper side of the road, when defendant, without any notice or warning, within the space of thirty feet, suddenly turned his car from the right to the left hand side of the road and crashed into the sled, injuring this minor and others.

Defendant, returning from a professional call, endeavored to excuse his action by showing it was a misty night, and, being deceived by the shadows of the trees, imagined he saw objects along the road which he mistook for pedestrians, going in the same direction as his car; he turned out of the road to avoid them, not knowing the boys were sled riding, though it appears they had been doing so for some time.

Coasting on a public street which is not put to extended public use, and not expressly prohibited by ordinance, is not necessarily a nuisance, nor is it an unlawful act or negligence per se: Burford v. City of Grand Rapids, 53 Mich. 98, 103; Faulkner v. City of Aurora, 85 Ind. 130, 133; Lynch v. Public Service Corporation, 82 N. J. L. 712, 715; Farrington v. Cheponis, 84 Conn. 1, 8; Feldman v. Riccordino, 58 Pa. Superior Ct. 114, 117. Where, under the undisputed facts, coasting upon a street is clearly and manifestly dangerous, it may be the duty of the court to so declare as a matter of law, but, where the evidence is conflicting, and the inferences to be drawn are not clear, the question whether plaintiff has exercised care and diligence to avoid danger while coasting, such as to be expected of a reasonably careful and prudent man under like circumstances, is for the jury: Meyers v. Central R. R. of N. J., 218 Pa. 305, 306.

We have had several cases before us of right-angle collisions between sleds and vehicles; as to such circumstances, where there is no testimony to justify a finding that a driver knew or had reasonable ground for knowing boys were sledding, or likely to be sledding, on a hill at the time of passing, and a sled, not under control, comes rapidly, without warning or opportunity to apprehend its approach, and a collision takes place, there is no liability for damages to children who may be injured, as was the case in Eastburn v. United States Express Co., 225 Pa. 33, 35; but where a driver could see children at least fifty feet away from the crossing, or knew they were riding on the hill, he is required to give warning of his approach and take other reasonable means to guard against accident, consistent with the circumstances: Yeager v. Gately & Fitzgerald, Inc., 262 Pa. 466, 471.

Here we have an accident between crossings, where the driver deliberately passes to the wrong side of the street, immediately in the face of impending traffic. The speed of the car did not cause the accident; while the sled was not in a fixed position, the accident was bound to result

when the car was turned directly in front of it within a few feet of its approach. It would have happened to any vehicle traveling in the same direction as the sled, under the circumstances here detailed. The doctor's acts imperiled the life of every one who might be traveling, as the sled was, on the opposite side of the street. His excuse received all the consideration it was entitled to by the court below, for what the headlight mistakenly revealed to him, as he says, could not have been true, and, if it was, should he not have made reasonably certain that people were actually ahead? He could have had his illusion dispelled by driving within fifty feet of the supposed pedestrians, when the shadows would have disappeared, in the brilliancy of his headlights; and, if he could see these supposed people walking, why couldn't he see the boys coming slowly along with their sled? If he had suspected there was something on the road in front of him, he should, as any prudent man would, have gone close enough to it to find out. Shadows are quickly neutralized in the glare of an electric headlight, and his suspicions would have been quickly dissipated had he followed a reasonable course.

We are not satisfied the use of the highway by traffic on this occasion was of a nature to cause coasting on this street to be declared a nuisance by us. The court below did not commit error in submitting the case to the jury, either on the ground of defendant's negligence or plaintiff's contributory negligence. This case is easily distinguishable from Leslie v. Catanzaro, 272 Pa. 419.

There is one other question. A hand sled is not a vehicle within the contemplation of the Act of June 12, 1919, P. L. 451, which requires at least one white light from one hour after sunset until one hour before sunrise. It may be such conveyance or vehicle as would have the right to use the cartway of a street: Stevenson v. United States Express Company, 221 Pa. 59. This act does not require a light on such sleds,—therefore, its absence not being in violation of an act of assembly, it is not, for this reason, the efficient cause of the injury,

1922.]      Opinion of the Court—Dissenting Opinion.

nor is its absence, moreover, such lack of ordinary care as would justify the court in declaring its contributory negligence as a matter of law, preventing a recovery.

The judgment of the court below is affirmed.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

I would hold the words "every vehicle" in the Act of June 12, 1919, comprehend sleds such as the one involved in the accident in this case, and when running at night upon a highway like Lincoln Drive, one of the main arteries of travel in suburban Philadelphia, they must display a light as provided in that act. In the absence of such statutory requirement, it seems to me that due and ordinary care demands that those using such a sled on such a highway at night must give warning of its presence by the means other vehicles use. As I view the testimony, the fault here was not with the defendant, but with the plaintiff, and there should be no recovery permitted; therefore, I dissent.