# Darrah et al. *v.* Wilkinsburg Hotel Company, Appellant.

Argued March 28, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*Oliver K. Eaton,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 13, 1935:

The minor plaintiff was struck on the head and severely injured by a flower box which fell from a balcony overlooking the ballroom of the defendant's hotel, where he was attending a dance. This action was brought and the jury awarded him and his parents damages. The hotel company asks us to review the record of the trial, arguing its nonliability as a matter of law. Only a single question is raised: Was the failure to fasten the box the proximate cause of the boy's injuries?

The facts are not in dispute. The flower box which weighed about twenty-two pounds rested at the edge of the floor of the balcony which recessed from the wall of the ballroom. According to one witness it protruded slightly beyond the wall. The distance from the balcony floor to the ballroom floor was about nine feet. The box was not fastened to the balcony floor, nor was there any guard-rail or other device in front of it.

An onlooker, who was seated on the balcony, placed his foot on the box as a rest. He turned, and in so doing stretched his leg, and accidentally pushed the box over the edge of the wall. In falling it struck the minor plaintiff.

It is argued in appellant's behalf that it was not required to anticipate the negligent act of the person who pushed the box. Perhaps appellant was not bound to foresee that very act, but it was bound to take account of the fact that the box at the edge of the ballroom wall, unsecured in any way, was a potential danger to persons below it, should it in any way be dislodged from its precarious position. There was testimony by an experienced building engineer who had been in the employ of the City of Pittsburgh, and who, during that time, had passed

upon the plans of all buildings to be erected within the city limits, that there is a custom always to anchor or guard articles such as the box here involved, located as it was, and that it is dangerous not to do so.

It is contended that the failure to anchor or guard the box was not the proximate cause of the injury, that the act of the one who dislodged it was the responsible cause. The proximate-cause cases tending to support this view are cited and commented upon with the customary completeness of appellant's able counsel who argued before us. We do not intend to review them, because on its facts this case is ruled by the principle laid down in Bisson v. Kelly, Inc., 314 Pa. 99, 105, that "All foreseeable dangers are to be considered in the solution of the problem whether the creation of the situation was a negligent act," and in its more concrete counterpart announced in Wolk v. Pgh. Hotels Co., 284 Pa. 545, 552, and in Murray v. Frick, 277 Pa. 190. In the Wolk Case we said: "However, as to that part of the premises occupied by the proprietor or his transient guests, care must be exercised to prevent articles being placed in a position where the laws of nature are constantly being exerted, or slight carelessness may be disastrous. In so requiring, an unnecessary or undue burden is not placed on proprietors, causing them to be answerable for the acts of others over whom possibly they have no efficient control, except dismissal from the hotel." In Murray v. Frick, we held that one who negligently creates a dangerous situation cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third party may have contributed to the final result.

The view we take of the case accords with the general proposition formulated by the American Law Institute in its Restatement of the Law of Torts, page 1196, section 447: "The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in

bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or (c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

Judgments affirmed.