Kovacs et al., Appellants, *v.* Ajhar et al.

Argued December 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*T. McKeen Chidsey,* of *Chidsey, Maxwell & Frack,* for appellants.

*Carleton T. Woodring,* of *Walter, Woodring & Strausburg,* for appellee.

OPINION BY PARKER, J., January 27, 1938:

The appellants complain of the entry of judgment for the defendants notwithstanding verdicts of a jury for the plaintiffs, a minor and her father. The action was in trespass brought to recover damages for injuries that resulted from a collision at a street intersection between a delivery truck and a sled on which the minor was coasting.

The accident occurred a few minutes after noon on a cold January day when the streets were covered with snow and ice, at the intersection of 17th and Spring Garden Streets in a residential and suburban district

of Wilson Borough, a municipality which adjoins the city of Easton. Spring Garden Street extends east and west and 17th Street north and south. Spring Garden Street east of the intersection and 17th Street south of the intersection, as well as the intersection, were paved or macadamized. Liberty Street lies south of and is parallel to Spring Garden Street, and the distance between these streets measured on 17th Street is 370 feet. 17th Street descends from Liberty Street to Spring Garden Street at a uniform grade of 15.05% affording an attractive place for minors to coast.

It is well settled that in determining whether judgment n.o.v. should be entered for defendants the testimony should not only be read in the light most favorable to plaintiffs, all conflicts therein being resolved in their favor, but they must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence: *Guilinger v. Penna. R. R. Co.*, 304 Pa. 140, 144, 155 A. 293. We will endeavor to detail the pertinent evidence from that standpoint.

One of the plaintiffs, Margaret Kovacs, was just under twelve years of age on January 30, 1935 and was on that day on her way home from school for the noon recess. The thermometer registered about zero and the streets were icy after a fall of snow thus affording good coasting, at least from the standpoint of the children. When the girl reached the corner of 17th and Liberty Streets she was invited by a boy fourteen years of age to ride with him on his sled down 17th Street to the vicinity of her home. The boy, who did the steering, took a position flat on his abdomen at the front of his three seated Flexible Flyer with his hands on a steering bar, and the girl kneeled with her legs outside the legs of the boy. They proceeded to coast northerly in a line slightly to the right of the center line of the street, and when they had descended three-fourths of

the distance to Spring Garden Street or to a point about ninety feet from the latter street, the boy saw defendants' truck approaching on Spring Garden Street from the west. The truck, which was advancing at a rate of from fifteen to twenty-five miles per hour, slackened speed slightly and then came on. The boy stated that he thought the truck was going to yield the right of way to him, but that it did not, so he veered to the right about two or three feet, expecting to miss the truck, but the sled collided with the rear right wheel of the auto with resulting injuries to the girl. When the driver of the truck was fifteen feet west of the west curb of 17th Street one located in the driver's seat had a clear view the entire width of 17th Street from Spring Garden Street to Liberty Street. Although Spring Garden Street was icy, the driver did not place on the wheels of his car the chains which he carried with him in the truck.

The driver of the truck stated that he was not the regular operator of the defendants' truck, that at the time of the accident he was only moving at a rate of fifteen miles per hour, that when he came to the intersection he looked in both directions and saw nothing, that when he got into the intersection he saw the sled but went ahead at the same time turning his truck to the left, that when the sled struck the truck, the truck skidded sideways onto the north curb of Spring Garden Street and that he first saw the sled when it was eighty-five feet away. There are other relevant facts which will be stated in immediate connection with a discussion of the legal principles involved.

"Coasting on a public street which is not put to extended public use, and not expressly prohibited by ordinance, is not necessarily a nuisance, nor is it an unlawful act or negligence per se ...... Where, under the undisputed facts, coasting upon a street is clearly and manifestly dangerous, it may be the duty of the court

to so declare as a matter of law, but, where the evidence is conflicting, and the inferences to be drawn are not clear, the question whether plaintiff has exercised care and diligence to avoid danger while coasting, such as to be expected of a reasonably careful and prudent man under like circumstances, is for the jury": *Idell v. Day,* 273 Pa. 34, 116 A. 506. Also see *Meyers v. Central R. R. of N. J.,* 218 Pa. 305, 306, 67 A. 620; *Morris v. Kauffman,* 120 Pa. Superior Ct. 515, 182 A. 758; *Fisher v. Duquesne Brewing Company,* 123 Pa. Superior Ct. 208, 187 A. 90. The site of this accident was in a sparsely settled residential district of a borough much more distinctly rural in character than the location of the accident in *Idell v. Day,* supra. There the collision occurred on Lincoln Drive in Germantown, Philadelphia. There was no evidence here of an ordinance prohibiting coasting.

We cannot say that there was not sufficient competent evidence to support the finding of the jury that the driver of defendants' truck was negligent. There have been a number of cases before our appellate courts where the collisions occurred at street intersections between coasters and other vehicles. Where there is no testimony to justify a finding that a driver knew or had reasonable ground for knowing that children were sledding or likely to be sledding on a hill at the time of passing and a sled not under control comes rapidly without warning or opportunity to apprehend its approach and a collision takes place, there is no liability for damages to children who may be injured. Such were the situations in *Eastburn v. U. S. Express Co.,* 225 Pa. 33, 73 A. 977; *Post v. Richardson,* 273 Pa. 56, 116 A. 531; *Wetherill v. Showell, Fryer & Co.,* 264 Pa. 449, 107 A. 808; *Leslie v. Catanzaro,* 272 Pa. 419, 116 A. 504; *Stickler v. Catanzaro,* 86 Pa. Superior Ct. 63; *Kovalchik v. Demo,* 94 Pa. Superior Ct. 167; *Siglin v. Haiges,* 95 Pa. Superior Ct. 588. On the other hand

where a driver can see children at least fifty feet away from a crossing or knows they are riding on a hill, he is required to give warning of his approach and take other reasonable means to guard against accident consistent with the circumstances: *Yeager v. Gately & Fitzgerald, Inc.*, 262 Pa. 466, 106 A. 76; *Idell v. Day*, supra; *Rossheim v. Bornot, Inc.*, 310 Pa. 154, 165 A. 27; *Fisher v. Duquesne Brewing Co.*, supra; *Morris v. Kauffman*, supra. Also see *Meyers v. Central R. R. of N. J.*, supra.

A motor vehicle driver in approaching an intersection must carefully look ahead for traffic on the cross street and approach with his car under complete control so that he can stop on the shortest possible notice: *Morris v. Kauffman*, supra; *Mosely v. Connor*, 318 Pa. 17, 19, 177 A. 817; *Rhoads v. Herbert*, 298 Pa. 522, 148 A. 693.

As there was no brake on the sled and its movement was induced entirely by the force of gravity it is fair to assume that it did not move at a uniform rate but that the speed accelerated as it proceeded. A boy thirteen years of age stated that he ran on the sidewalk opposite the sled from the time it started until it had traversed three-fourths of the distance and until he saw the truck approaching and that he was able to keep up with the sled. We believe this gives a more accurate estimate of the limits of the speed than if an attempt had been made to state the speed in miles per hour. It is clear that the driver of the truck before he entered the street could see the entire width of 17th Street as far as Liberty Street, the point from which the sled started. The driver admits that he moved at a rate of fifteen miles per hour, but states that when he came to the intersection he looked in both directions and could not see a sled, and that in broad daylight. He proceeded but thirty feet farther at the most and the collision occurred. If the sled came into view after the truck was committed to the crossing it would force us to assume that the sled had an average speed twelve

times that of the automobile or 180 miles per hour, a ridiculous conclusion. Making due allowance for room for error in such comparative estimates, it is still clear that the jury would have been warranted in finding that the driver approached the intersection without looking or he would have seen the sled, and without having his car in reasonable control.

The court below in its opinion did not discuss the question of the driver's negligence, but entered judgment for the defendants on the ground that there was a superseding cause of the injury to the minor plaintiff in that the boy controlling the direction of the sled deflected its course to the right, assuming that if he had continued in a straight course he would have passed behind the truck. We cannot assent to that conclusion for three reasons.

In the first place, it was for the jury to say whether the sled would have collided with the car if its course had not been deflected. It might or might not have done so depending upon the speed of both vehicles and the exact distances involved. All of these matters were dependent on oral testimony and the inferences to be drawn therefrom were necessarily for the jury. The boy said, as a matter of fact, that he did not know whether he would have missed the truck under such circumstances. The facts were not so definite that a positive result could be assumed by the court.

In the next place the boy could not be convicted of negligence as a matter of law in the sudden emergency which confronted him. The truck was only in the view of the boy for from one to three seconds depending upon its speed. Whether in that brief space of time the boy should have determined what he could do and whether he could have deflected the course of the sled a sufficient amount to avoid the danger were questions for the jury: *Wilson v. Con. Dressed Beef Co.*, 295 Pa. 168, 145 A. 81. "Negligence cannot be imputed because of

the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to comprehend the situation and act according to the exigency": *McKee v. Traction Co.*, 211 Pa. 47, 51, 60 A. 498. Of course, one is not relieved in an emergency if the condition was created by that person, but as we have heretofore pointed out it was not negligence per se to coast on streets in a sparsely settled district.

Finally, even if it be assumed that the operator of the sled was negligent with respect to deflecting its course, we do not regard such negligence as a superseding cause which would relieve the defendants. There has been some confusion in the cases on this subject but late decisions of the Supreme Court *(Darrah v. Wilkinsburg Hotel Co.*, 318 Pa. 511, 178 A. 669; *Fehrs v. McKeesport*, 318 Pa. 279, 178 A. 380) would seem to indicate an intention to adopt the rule as stated in Restatement, Torts, §447: "The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or (c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent." Also see *Murtha v. Phila.*, 112 Pa. Superior Ct. 426, 171 A. 399; *Anderson v. Supplee-Wills-Jones Milk Co.*, 119 Pa. Superior Ct. 386, 181 A. 368. The operator of the truck should have realized that when the boy was threatened with a collision he would make some effort to avoid injury and that he might move in the emergency slightly in either direction. The alleged act of the boy was a

normal response to a situation created by the action of the driver of the truck and the boy certainly was not extraordinarily negligent in that respect.

As the minor plaintiff was not the owner of the sled and had no part in the operation and steering of the sled, the negligence of the boy, if any, could not be imputed to her. As she was but eleven years of age the question of her own contributory negligence was for the jury. The question of whether or not the minor plaintiff, under all the circumstances, exercised such care and diligence to avoid the danger as was to be expected of a reasonably careful and prudent person was for the jury to determine: *Kelly v. Traction Co.*, 204 Pa. 623, 54 A. 482; *Meyers v. Central R. R. of N. J.*, supra. Under the meager facts we have as to the condition of the street, we certainly cannot say as a matter of law that the defendants were relieved from the consequences of the driver's negligence by the conduct of the minor girl. While the streets were shown to be icy there are many degrees of smoothness created by the freezing of snow and rain. The circumstances, condition of the streets, speed of the vehicles and the like were for the jury's consideration.

The court below relied largely upon the case of *Eastburn v. U. S. Express Co.*, supra. That was a case of a collision between a large bob-sled carrying seven boys and a horse and wagon. It is only necessary to refer to the first sentence of the opinion in that case to show that it has no application here. It was there said: "This was not a case of one in plain sight and about to cross the street in front of a horse, with opportunity on the part of the driver to see the person and avoid an accident, but was a case of a sled moving rapidly, beyond sufficient control of the boys to avoid a collision with one who had no reasonable expectation to look for such an event."

We are all of the opinion that it was not here shown

that coasting on this street was "so clearly and manifestly dangerous" as to warrant the court in declaring it to be so. The driver of the truck did not take proper precaution to avoid a collision and his principals must therefore respond in damages for their agent's negligence.

Judgment reversed in each appeal and it is directed that judgments be entered for the plaintiffs on the verdicts.