Muir et vir. *v.* Pittsburgh, Appellant.

Argued October 13, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Thomas E. Barton,* Asst. City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*Milton E. Harris,* for appellees.

OPINION BY BALDRIGE, J., November 18, 1942:

In the late afternoon of June 9, 1939, which was a clear, dry day, the wife plaintiff was a·guest passenger riding in the rear seat of an automobile driven by Calvin Perry in a westerly direction between 25 and 30 miles per hour on Second Avenue in the city of Pittsburgh. In the center of the cartway are two trolley tracks with a smooth surface between the rails. The Perry car was astride the southern or inner rail of the westbound car track. To the right was a stone retaining wall through which a considerable amount of water seeped so that the surface of the cartway up to the first or northern street car rail was wet, but between the rails it was dry.

Perry saw a trailer truck coming in the opposite direction, which did not change its course. He therefore, turned to the right and in so doing ran into a hole which caused him to lose control of his car and crash into the retaining wall injuring the wife plaintiff. This hole, which was located along the northern rail of the westbound car track, was filled with yellow, muddy water, and proved to be 14 feet long, 8 inches deep, and 22 inches wide. Perry concededly was acquainted in a general way with this part of Second Avenue, but stated that he did not know of the existence of any holes in this immediate location or the hole in question owing to the presence of water on the cartway.

The jury, in a suit brought by the husband and wife, returned a verdict in favor of the wife for $600 and one in favor of the husband for $400. These two appeals

followed the court's refusal to grant defendant's motion for judgment non obstante veredicto.

The appellant argues that Perry's negligence in not seeing this hole and avoiding it, and in failing to have a sufficiently tight hold of the steering wheel to keep control of his car, was the superseding and proximate cause of the accident rather than the defect in the street. The city's negligence was not denied, but it is contended its dereliction of duty would not have resulted in harm to the wife plaintiff without the independent negligent conduct of Perry.

*Brown et ux. v. Philadelphia,* 267 Pa. 183, 110 A. 164, cited by the appellant, is a case of a pedestrian walking into a hole in the sidewalk. The facts there are not analogous to those before us, and the decision is inapplicable.

Our attention is directed also to *Stone v. Philadelphia et al.,* 302 Pa. 340, 153 A. 550. In that case Leven, the driver of the car, knew that the hole causing the accident was in the street. In the course of the opinion it was stated, p. 345: "If Leven had not known of the hole and unwittingly had driven into it, there might arise a different liability situation ......"

The rule relied upon by the appellant as stated in Restatement, Torts, section 430 is: "In order that a negligent actor shall be liable for another's bodily harm, it is necessary not only that the actor's conduct be negligent toward the other in the particulars stated in §281, Clause (b), and Comment thereon, but also that the negligence of the actor be a legal cause of the other's harm."

Section 431 states that "legal cause" is negligent conduct that is a substantial factor in bringing about the harm.

Section 447, provides in substance that the intervening negligent act of a third person does not make a superseding cause of harm (a) if the actor, (that is the City of Pittsburgh), should have realized that the third

party, (Perry), might act as he did; or (b) that a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted; or (c) that the intervening act did not constitute extraordinary negligence.

In *Kline et al. v. Moyer and Albert*, 325 Pa. 357, 191 A. 43, Mr. Justice STERN, p. 364, in discussing this rule said: "We would formulate the general principle as follows: Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties." See, also, *Nelson v. Duquesne Light Company et al.*, 338 Pa. 37, 54, 55, 12 A. 2d 299; and *Pilvelis et al. v. Plains Township et al.*, 140 Pa. Superior Ct. 561, 566 et seq., 14 A. 2d 557.

The question whether the negligence of the city in permitting the hole to exist was the proximate cause of the injuries sustained by the wife plaintiff, together with the alleged contributory negligence of the driver of the automobile, was submitted to the jury in a careful charge, which is not complained of in this appeal. We can but conclude from its verdict that it found that the city's negligence was the proximate cause of this accident. We find no reason for relieving the appellant from its liability.

Judgment in each appeal is affirmed.