## Cusatis *v.* Lehigh Valley Railroad Company, Appellant.

Argued March 2, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*John C. Phillips,* for appellant.

*M. S. DePierro,* with him *Thomas C. Moore* and *Henry Greenwald,* for appellee.

OPINION BY RHODES, J., April 16, 1943:

This case presents for consideration the question whether the intervening act of a third party was a superseding cause. The jury was plainly warranted in finding that defendant was negligent, and plaintiff's right to verdict and judgment depends on whether the third party's conduct acted as a superseding cause of plaintiff's harm. Defendant has appealed from the judgment entered on the verdict for plaintiff, and assigns as error the dismissal of defendant's motion for judgment n.o.v.

In the city of Hazleton, a railroad siding of defendant runs west from the Pilsner Brewing Company plant across Cedar Street, a public highway, and in the rear of the mill of the Duplan Silk Company. Beside the plant of the brewing company the siding is constructed on a downgrade towards Cedar Street. Near the east side of Cedar Street defendant maintained a derailing device which when set would derail a runaway car and thus prevent it from crossing the street.

On the morning of July 29, 1939, plaintiff's truck was parked on a private crossing and across the siding in the rear of the silk mill preparatory to loading slag. Defendant's coal car was standing on the siding in the rear of the brewery. The loaded car had been placed there eight days before by defendant's employees, and the derailing device was then placed in position, but it was not locked so as to prevent its removal by

children or unauthorized persons. Defendant's conductor in charge of the train crew, after placing the coal car, left the derailing device unlocked as the accompanying lock was missing. The same employee, the day before the accident, observed that this device was still unlocked, and reported the fact to defendant's superintendent or roadmaster. Defendant's conductor who delivered the car and set the derailing device knew that the car would be moved by the brewery workmen in order to complete the unloading of the coal. On the day of the accident employees of the brewing company attempted to move the car for this purpose. In doing so they lost control of the car; it ran down the grade, passed the derailing device which was not set, crossed the street, and collided with plaintiff's truck. Had the device been set on the track, the accident in question would not have happened.

Defendant cannot successfully contend that it was under no duty to have the derailing device in place and in operation; and it was chargeable with knowledge that the car would be moved by others than its own employees, and it should have realized or reasonably expected that those who were going to move the car might act as they did with the consequent result. There is a reasonable probability that the result might have been the same if defendant's own employees had attempted to move the car. It is conceded that the purpose of the derailing device was to prevent an accident by a car out of control on the grade of the siding.

Defendant's principal contention is that the employees of the brewing company were negligent in moving the coal car, and that their negligence—not the negligence of defendant's employees—was the proximate cause [1] of

---

[1] "The long-established test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole or whether the chain of events is so broken that they become independent and the

the damage to plaintiff's truck. Assuming that the employees of the brewing company were negligent, an intervening act, while it may be a cause of an injury, is not necessarily a superseding cause.[2] "Intervening human action, whether innocent or negligent, is not a superseding cause of harm which an actor's conduct is a substantial factor in bringing about, if such action ought to have been foreseen": *Mautino et al. v. Piercedale Supply Co.*, 338 Pa. 435, at page 440, 13 A. 2d 51, at page 54. But the question whether one's negligence is insulated by the negligence of another should probably not depend on that factor alone.

"The principle is stated in the Restatement of Torts, in §430, as follows:

'In order that a negligent actor shall be liable for another's bodily harm, it is necessary not only that the actor's conduct be negligent toward the other in the particulars stated in §281, clause (b) and comment thereon, but also that the negligence of the actor be a *legal cause* of the other's harm.' In order that the negligent conduct may be a *legal* cause, it must be a *substantial factor* in bringing about the harm (§431) and the negligent conduct should be such that the actor should recognize that the act creates an appreciable chance of causing the harm done (§§281 and 289);

---

final result cannot be said to be the natural and probable consequence of the primary cause: *Thomas v. C. R. R. of N. J.*, 194 Pa. 511, 515 [45 A. 344]; *Stemmler v. Pittsburgh*, 287 Pa. 365 [135 A. 100]": *Welser et al. v. United Gas Improvement Co.*, 304 Pa. 227, at page 231, 155 A. 561, at page 562. See, also, *Hoag v. Lake Shore & Michigan Southern R. Co.*, 85 Pa. 293, 298, quoted in *Fuller v. Palazzolo et al.*, 329 Pa. 93, 108, 197 A. 225; *Palsgraf v. Long Island R. Co.*, dissenting opinion by Judge ANDREWS, 248 N. Y. 339, 162 N. E. 99, 104.

[2] "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement, Torts, §440. See Section 442.

and in §447, "The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or (c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent'": *Pilvelis et al. v. Plains Township et al.,* 140 Pa. Superior Ct. 561, at page 566, 14 A. 2d 557, at page 560. Comment (e) of section 447 reads: "The words 'extraordinarily negligent' denote the fact that men of ordinary experience and reasonable judgment looking at the matter after the event and taking into account the prevalence of that 'occasional negligence, which is one of the incidents of human life,' would not regard it as extraordinary that the third person's intervening act should have been done in the negligent manner in which it was done." See *Nelson v. Duquesne Light Co. et al.,* 338 Pa. 37, 54, 12 A. 2d 299. The trend of our decisions is in accord with the principles enunciated in the Restatement of Torts if the term "proximate cause" is substituted for "legal cause," bearing in mind that the latter must be a "substantial factor" in bringing about the harm or injury. *Pilvelis et al. v. Plains Township et al.,* supra, page 567. Section 447 of the Restatement of Torts has also been cited or quoted with approval in the following cases: *Darrah et al. v. Wilkinsburg Hotel Co.,* 318 Pa. 511, 513, 178 A. 669; *Murray v. Pittsburgh Athletic Co. et al.,* 324 Pa. 486, 493, 188 A. 190; *Kline et al. v. Moyer et al.,* 325 Pa. 357, 364, 191 A. 43; *Mautino et al. v. Pierce-*

*dale Supply Co.,* supra, page 440; *Kovacs et al. v. Ajhar et al.,* 130 Pa. Superior Ct. 149, 156, 196 A. 876; *Biearman v. Allegheny County,* 145 Pa. Superior Ct. 330, 334, 21 A. 2d 112; *Muir et vir v. Pittsburgh,* 150 Pa. Superior Ct. 661, 663, 664, 28 A. 2d 816. See, also, *Mars v. Meadville Telephone Co.,* 344 Pa. 29, 31, 23 A. 2d 856.

The testimony indicating the method used by the brewery employees in moving the car is meager. Apparently the employees of the brewing company attached a chain to the car and to a truck and attempted to pull the car upgrade to another position. The chain snapped and the car ran away. There was testimony that one of the employees of the brewing company attempted to stop the car with the brake but that it would not hold. There was no evidence that these men knew that the derailing device was not in place, although they may have erroneously assumed that it was in operation. See *Kline et al. v. Moyer et al.,* supra, page 364. The fact that the car was to be moved to another position was known by defendant; and that the car might get out of control on the grade was reasonably expectable. The method used may not have been the best method, but we cannot say as a matter of law that the conduct was "extraordinarily negligent" or not reasonably foreseeable.

We think this is a case where it may be said on the facts (1) that defendant's negligence was a *causa sine qua non;* (2) that it was a substantial factor in producing plaintiff's harm; (3) that the intervening act— the alleged negligence of the brewery employees—was not a superseding cause, although it may have been a contributing cause and a proximate factor in the happening of the accident; and (4) that the verdict of the jury was proper.

In *Stone v. Philadelphia et al.,* 302 Pa. 340, 153 A. 550, cited and relied on by defendant, Leven, the

second actor, knew of the defective condition of the city's street when he committed his intervening negligent act, and for this reason, if for no other, the case is distinguishable and not controlling here. See, also, Eldredge, Modern Tort Problems, ch. 7, p. 205 et seq.

The assignment of error is overruled.

Judgment is affirmed.